[No. 2093, April 3, 1918.]

## STATE v. HITE.

### SYLLABUS BY THE COURT.

1.  Under the provisions of section 2180, Code 1915, the state, when a witness proves adverse in the opinion of the trial court, may prove that the witness made at other times a statement inconsistent with his present testimony, providing· the circumstances of the supposed statement sufficient to designate the particular occasion are mentioned to the witness, and he is asked whether or not he did in fact make such statement.                                          P. 26

2.  The mere fact that a witness has failed to testify as expected does not warrant impeaching him by proof of prior statements in conformity to what he was expected to testify; but proof of prior contradictory statements of a party's own witness is admissible only where the witness has given affirmative testimony hostile or prejudicial to the party by whom he was called; and in such case the proof must be confined to contradictions of the testimony of the witness which is injurious to the party seeking to impeach him.

P. 27

Appeal from District Court, Chaves County; McClure, Judge.

### STATEMENT OF FACTS.

T. Lonnie Hite was convicted of killing a calf belonging to another, and he appeals. Reversed, and cause remanded for new trial.

The appellant, T. Lonnie Hite, with two others, was tried at the November term, 1916, of the district court of Chaves county on an information charging them with killing a calf belonging to the C. C. Slaughter Cattle

State v. Hite, 24 N. M. 23.

Company on July 4, 1916. The appellant was found guilty, and his codefendants were acquitted.

O. O. ASKREN and J. C. GILBERT, both of Roswell, for appellant.

"A party cannot impeach a witness whom he has voluntarily called or made his own, unless the witness has given affirmative testimony injurious to the party's case, and has not merely failed to testify to facts which the party sought to prove by him."

People v. Jacobs, 49 Cal. 384; People v. DeWitt, 68 Cal. 584, 10 Pac. 212; People v. Mitchell, 94 Cal. 550, 29 Pac. 1106; Re Kennedy, 104 Cal. 429, 38 Pac. 93; People v. Crespi, 115 Cal. 50, 46 Pac. 863; People v. Creeks, 141 Cal. 529, 75 Pac. 101; Sylvester v. State, 46 Fla. 166, 35 So. 142; Brown v. State, 47 Fla. 16, 36 So. 705; Marugg v. Kells, 146 Ill. App. 394; Walkup v. Com., 14 Ky. L. Rep. 337, 20 S. W. 221; Pryor v. Warford, 21 Ky. L. Rep. 1311, 54 S. W. 838; Feltner v. Com., 23 Ky. L. Rep. 1110, 64 S. W. 959; Howe v. Skidmore, 24 Ky. L. Rep. 2048, 72 S. W. 792; Threlkeld v. Bond, 29 Ky. L. Rep. 177, 92 S. W. 606; State v. Stephens, 116 La. 36, 40 So. 523; Moore vs. Chicago, St. L. & N. O. R. Co., 59 Miss. 243; Chism v. State, 70 Miss. 742, 12 So. 852; Mutual L. Ins. Co. v. Schmidt, 6 Ohio Dec. Reprint, 901, affirmed on other points in 40 Ohio St. 112; Sturgis v. State, 2 Okla. Crim. Rep. 362, 102 Pac. 57; Culpepper v. State, 4 Okla Crim. Rep. 103, 31 L. R. A. (N. S.) 1166, 140 Am. St. Rep. 668, 111 Pac. 679.

So, also, under a similar statute providing that "the party producing a witness shall not be allowed to impeach his credit' by evidence of bad character, unless," etc., "but he may, in all cases, contradict him by other evidence, and by showing that he has made statements different from his present testimony,"—a party cannot thus impeach his own witness by evidence of contradictory statements, unless the testimony of the witness has been prejudicial to him, since, his evidence being

State v. Hite, 24 N. M. 23.

harmless, no reason exists for thus impeaching the witness.

Hull v. State, 93 Ind. 128; Conway v. State, 42 L. R. A. (N. S.) 118 Ind. 482, 21 N. E. 285 (obiter); Miller v. Cook, 124 Ind. 101, 24 N. E. 577; Rhodes v. State, 128 Ind. 189, 25 Am. St. Rep. 429, 27 N. E. 866; Blough v. Parry, 144 Ind. 463, 40 N. E. 70, rehearing denied in 144 Ind. 482, 43 N. E. 560; Walker v. State, 165 Ind. 94, 74 N. E. 614 (obiter); Thomas v. State, 14 Tex. App. 70; Bennett v. State, 24 Tex. App. 73, 5 Am. St. Rep. 875, 5 S. W. 527; Erwin v. State, 32 Tex. Crim. Rep. 519, 24 S. W. 904; Shackelford v. State, — Tex. Crim. Rep. —, 27 S. W. 8; Gibson v. State, — Tex. Crim. Rep. —, 29 S. W. 471; Williford v. State, 36 Tex. Crim. Rep. 414, 37 S. W. 761; Gill. v. State, 36 Tex. Crim. Rep. 598, 38 S. W. 190; Bailey v. State, 37 Tex. Crim. Rep. 579, 40 S. W. 281; Ross v. State, — Tex. Crim. Rep. —, 45 S. W. 808; Finley v. State, — Tex. Crim. Rep. —, 47 S. W. 1015; Gaines v. State, — Tex. Crim. Rep. —, 53 S. W. 626; Cooksey v. State, — Tex. Crim. Rep. —, 58 S. W. 103; Knight v. State, — Tex. Crim. Rep. —, 65 S. W. 88; Smith v. State, 45 Tex. Crim. Rep. 520.

MILTON J. HELMICK, Assistant Attorney General, for the State.

Court correctly permitted the impeachment.

Wigmore on Ev., Sec. 904; Greenleaf on Ev., Sec. 444; State v. McDaniels, 65 Pac. 520; Horn v. State, 75 Pac. 705; Gordon v. Comm., 42 S. E. 677; McCue v. Comm., 49 S. E. 623; Conway v. State, 21 N. E. 285; Williams v. Dickenson, 9 So. 847; Bryan v. State, 34 So. 243; Hurlbert v. Hurlbert, 22 Atl. 850; Sec. 7178, Code 1915; Hanson v. State, 25 So. 23; Payne v. State, 60 Ala. 80; Billings v. State, 12 S. W. 574; Jones v. People, 2 Colo. 35; Lewsi v. State, 4 Kan. 296; Smith v. Johnson, 47 La. An. 1225; State v. McGowan, 93 Pac. 552.

State v. Hite, 24 N. M. 23.

## OPINION OF THE COURT.

HANNA, C. J. [1]   There is but one assignment of error which we find it necessary to consider, which is that the court committed error in permitting the state to impeach its own witness Don Sullivan. Appellant in this connection assigns two grounds in support of his contention: First, that the witness had not given affirmative testimony injurious to the state; and, second, that the district attorney was not surprised by the unwillingness of the witness, having had previous notice that the witness would prove adverse. It appears from the record that the witness Sullivan had on two occasions made statements concerning the alleged crime and had subsequently thereto gone before the grand jury as a witness, but when introduced by the state as a witness, he developed a disposition to deny all knowledge of the material facts concerning the alleged crime and to most of the questions addressed to him contended himself with the reply, "I don't remember." A careful examination of the record does not disclose that he anywhere gave testimony favorable to the appellant or his codefendants. How far a party in civil litigation, or the state in criminal prosecutions, may go in attacking his or its own witness by proving prior statements of the witness to show contradiction of present testimony, is a matter which has given rise to a great variety of opinion on the part of the courts. The various forms of the different rules adopted by the courts are set out by Mr. Wigmore in his work on Evidence at section 904, and by Greenleaf in section 444.

In approaching a consideration of this matter it is first to be observed that the Legislature of New Mexico by an act of February 5, 1880, appearing as section 2180, Code 1915, legislated upon this subject in the following language:

"The credit of a witness may be impeached by general evidence of bad moral character not restricted to his reputation for truth and veracity; but a party producing a witness shall not be allowed to impeach his credit by general evidence of bad moral character, but in case the witness, in

State v. Hite, 24 N. M. 23.

the opinion of the judge, proves adverse, such party may prove that the witness made at other times a statement inconsistent with his present testimony; but before such last-mentioned proof can be given the circumstances of the supposed statement, sufficient to designate the particular occasion, must be mentioned to the witness, and he must be asked whether or not he did make such statement."

It is only necessary to observe perhaps that our statute evidently seeks to broaden the common-law rule under which a party could not impeach his witness unless surprised thereby, or misled by the witness. It is apparent that our statute does not require that the element of surprise should be present; the matter being squarely put upon the proposition of whether or not the witness in the opinion of the judge should prove adverse, in which event, statements inconsistent with his present testimony may be proven to have been made. Our statute is evidently in line with the great weight of modern authority, under which a party or the state, when a witness proves adverse in the opinion of the trial court, may be permitted to prove that such witness had made prior statements contradictory to his testimony.

[2] Of course, due observance of the other provisions of the statute must be had, viz,: That before proof can be given the circumstances of the supposed statement sufficient to designate the occasion must be called to the attention of the witness, who must be given an opportunity to state whether or not he in fact made the alleged contradictory statement. This general rule, however, like so many principles of law, is subject to qualification. One of the principal qualifications of the rule is thus laid down in 40 Cyc. 2696, in the following language:

"The mere fact that a witness has failed to testify as expected does not warrant impeaching him by proof of prior statement in conformity to what he was expected to testify; but proof of prior contradictory statements of a party's own witness is admissible only where the witness has given affirmative testimony hostile or prejudicial to the party by whom he was called, and in such case the proof must be confined to contradictions of the testimony of the witness which is injurious to the party seeking to impeach him."

This statement of the text finds support in numerous authorities and meets with our full accord and approval. Measured by the general rule announced and as qualified by the statement of the text in Cyc., we find upon examination of the record that the witness Don Sullivan did not in any manner give testimony hostile or prejudicial to the state. He seems to have suffered from a strange lapse of memory, and for some unaccountable reason had apparently changed his attitude as a willing witness for the state. Had he given any testimony favorable to the appellant or his codefendants, without doubt his prior contradictory statements, if any, could have been shown, if material.

While we are inclined to believe that the trial court's ruling upon whether or not the witness had proven adverse under the provisions of section 2180, Code 1915, should not be disturbed, unless a clear abuse of discretion appears, and that it is fair to presume that the court might have regarded the attitude of the witness on the stand as well as his testimony, in passing upon the question of his adverse character, yet in the present case it is our opinion that the court did fall into error in the matter, and that the judgment of the lower court must be reversed and the cause remanded for a new trial; and it is so ordered.

PARKER and ROBERTS, JJ., concur.