412 P.2d 398

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Billy Ray HENRY, Defendant-Appellant.**

**No. 7787.**

Supreme Court of New Mexico.

March 21, 1966.

Chester A. Hunker, Clovis, for appellant.

Boston E. Witt, Atty. Gen., Gary O. O'Dowd, Myles E. Flint, Asst. Attys. Gen., Santa Fe, for appellee.

CHAVEZ, Justice.

On the night of September 23, 1964, at approximately 10:30, a grocery store in Clovis, New Mexico, was robbed by three men, two of whom were armed. Appellant and four other men were arrested a short time thereafter. At least three of the men pleaded guilty to the charge of armed robbery and were sentenced to the penitentiary. Appellant pleaded not guilty and was tried before a jury. The jury found him guilty of armed robbery and judgment and sentence were entered accordingly. He appeals from said judgment.

At appellant's trial, three men who entered pleas of guilty, Donnie Smith, Theodore Nance and Marvin Smith, testified concerning the crime and appellant's participation in it. While examining two of them, Donnie Smith and Theodore Nance, the district attorney asked the court to de-

clare them adverse witnesses and allow the prosecutor to show that portions of their testimony at the trial contradicted earlier written statements made by the witnesses. The request was granted.

During his examination of Marvin Smith, the district attorney asked the witness to read his prior written statement. After the witness had read a substantial portion of the statement, appellant objected to it. The objection was sustained and the trial judge instructed the jury to disregard the statement.

Appellant contends that the trial court erred in allowing the State to impeach its own witnesses and use the witnesses' earlier written statements to question them about the crime. He also contends that the trial court erred in ruling that the State could cross-examine its witnesses. Lastly, appellant contends that the evidence does not support the verdict.

■■ Appellant does not argue his last point and, therefore, we assume that he has abandoned it. Kilpatrick v. State, 58 N.M. 88, 265 P.2d 978. The trial court's ruling that the State could cross-examine its witnesses, if error, was not prejudicial because no cross-examination, aside from the adverse questioning discussed below, took place.

■ We agree with appellant that the general rule is that a party cannot impeach its own witness. Home Fire and Marine Insurance Company v. Pan American Petroleum Corporation, 72 N.M. 163, 381 P.2d 675. Appellant also directs our attention to §§ 20–2–1 and 20–2–2, N.M.S.A., 1953 Comp., concerning impeachment of witnesses. We do not believe that the general rule or those sections are applicable in this case, because of the specific and appropriate language of § 20–2–4, N.M.S.A., 1953 Comp., which reads in part:

"* * * but in case the witness, in the opinion of the judge, proves adverse, such party may prove that the witness made at other times a statement inconsistent with his present testimony; but before such last mentioned proof can be given the circumstances of the supposed statement, sufficient to designate the particular occasion, must be mentioned to the witness, and he must be asked whether or not he did make such statement."

The statute provides that, if a judge finds the witness adverse, the party calling the witness can prove a prior inconsistent statement, if the circumstances surrounding the making of the statement are mentioned to the witness and he is asked whether he made such a statement.

Appellant points to the fact that the prosecutor could not have been surprised by the testimony of the witnesses, because they had testified similarly at an earlier juvenile hearing. In State v. Hite, 24 N.M. 23, 172

P. 419, this court held that the statute, which is now § 20–2–4, "does not require that the element of surprise should be present."

■ Appellant cites State v. Hite, supra, in holding that the mere fact that a witness does not testify as expected does not make him hostile. We agree; but that same opinion holds that the determination of a witness' hostility is a matter of discretion of the trial judge, and this court will not disturb his decision unless abuse of discretion is shown. In State v. Hite the court considered a situation in which the state's witness responded to most of the prosecutor's questions by saying "I don't remember." The trial court stated that if the witness had given any information favorable to himself or the co-defendants, his prior contradictory statements could be shown. Since the witness had not said anything adverse to the state, the trial court's ruling of adversity was an abuse of discretion.

In State v. Lopez, 46 N.M. 463, 131 P.2d 273, this court found no abuse of discretion when the trial court declared that a witness was adverse because he denied witnessing a fight and seeing defendants at the scene of the fight, facts which were inconsistent with earlier statements made by the witness in front of the district attorney and others.

In State v. Garcia, 57 N.M. 166, 256 P.2d 532, the state called a witness who, on cross-examination, testified contrary to affidavits he had executed earlier. This court held that the trial court had not abused its discretion in ruling that the witness was adverse.

In the instant case Donnie Smith testified that appellant did not want to go into the store just before the robbery, and that he and Alvin Hollings made appellant go along. This was in conflict with the witness' earlier statements. The prosecutor called the witness' attention to the statement and gained the admission that the witness had made it. When challenged concerning the impeachment of his own witness, the district attorney asked the court to declare the witness adverse. The trial court so ruled and the prosecutor then impeached the witness in accordance with § 20–2–4, supra.

Theodore Nance testified that he did not see a knife. His earlier written statement appeared contrary to such testimony. The circumstances concerning the prior statement were related to the witness and he admitted making the statement. The trial court did not abuse its discretion in declaring that the witness was adverse and allowing the prosecutor to question the witness through use of the statement.

■■ It is a well established principle that a reviewing court will defer to the trial court's decisions which concern the demeanor of the witnesses. Adversity is often shown as much by demeanor as it is by the actual words spoken. We see no

clear abuse of discretion, such as that shown in State v. Hite, supra, which would prompt us to find error in the trial court's actions.

Appellant also contends that the trial court erred in allowing the prosecutor to impeach Marvin Smith by use of his prior written statement. In reading the record, we find that the district attorney was not attempting to discredit any of the witness' testimony through use of the earlier statement. The prosecutor made no comments indicating that any discrepancy between the statement and the testimony existed, nor did he ask the court to find that the witness was adverse.

It appears that the prosecutor merely had the witness read his prior statement into the record. In State v. Lord, 42 N.M. 638, 84 P.2d 80, we held that once the defendant had allowed an inadmissible portion of a confession to be admitted without objection, the court could withdraw the testimony from the jury, if it desired, but it was not error to refuse to do so. In the instant case, when appellant objected to the reading of the statement, the court sustained the objection and instructed the jury to disregard it. We find no error in such action.

The judgment of the trial court is affirmed. It is so ordered.

CARMODY, C. J., and MOISE, J., concur.