434 P.2d 692

STATE of New Mexico, Plaintiff-Appellee,

v.

Billy Ray HENRY, Defendant-Appellant.

No. 8312.

Supreme Court of New Mexico.

Dec. 11, 1967.

George M. Murphy, Clovis, for appellant.

Boston E. Witt, Atty. Gen., Roy G. Hill, Myles E. Flint, Asst. Attys. Gen., Santa Fe, for appellee.

OPINION

PER CURIAM:

Upon its own motion, the court hereby withdraws its opinion handed down on November 27, 1967, in this case and substitutes the following therefor.

CHAVEZ, Chief Justice.

Defendant-appellant Billy Ray Henry was tried in the district court of Curry County on a charge of armed robbery. He was convicted by a jury and judgment and sentence were entered accordingly. On appeal, this court affirmed the judgment of the district court. State v. Henry, 76 N.M. 101, 412 P.2d 398. Thereafter, and while confined in the New Mexico State Penitentiary, defendant filed a motion under Rule 93 (§ 21–1–1(93), N.M.S.A., 1953 Comp., 1967 Pocket Supp.), to vacate the judgment and sentence. The motion was denied by the trial court and defendant appealed.

Appellant first contends that, at the time of his arrest, he was kept in jail as a juvenile for a month before being taken before a justice of the peace and charged with armed robbery, thus denying him of a right to a speedy trial and due process.

Appellant was arrested on September 23, 1964. On October 15, 1964, 22 days later,

appellant appeared before the juvenile court and entered a plea of not guilty to the charge of armed robbery. At that time, the hearing was postponed until Thursday, October 22, 1964, evidently to give appellant's parents an opportunity to hire an attorney. However, at the October 15, 1964, hearing the trial court appointed counsel to represent appellant in the juvenile proceedings. At the juvenile hearing on October 22, 1964, appellant appeared in person and with his court-appointed counsel. The juvenile court found that appellant was under the age of 18 years and, being charged with the commission of an offense, which if committed by an adult would constitute a felony, under the laws of New Mexico determined that the matter be transferred and certified to the criminal docket of the district court in Curry County. Also on October 22, 1964, appellant was arraigned in the district court, where he was represented by counsel. Through his attorney, appellant stated in open court that he waived his right to a preliminary hearing and entered a plea of not guilty, which plea was entered and the case set for jury trial on Monday, November 16, 1964. On that date, the jury returned a verdict of guilty.

Appellant cites State v. Maldonado, 92 Ariz. 70, 373 P.2d 583, cert. denied, Maldonado v. Eyman, 371 U.S. 928, 83 S.Ct. 299, 9 L.Ed.2d 236, and argues that, because he was held for a period of 22 days before he was taken before a juvenile court, all subsequent proceedings should be declared void. In Maldonado, the defendant was detained for a period of 79 days after his arrest until his preliminary examination, and the court held that such detention did not deny his constitutional rights to a speedy trial. In Maldonado the court stated:

"The United States Supreme Court has stated that denial of due process 'as applied to a criminal trial * * * is the failure to observe that fundamental fairness essential to the very concept of justice. In order to declare a denial of it * * * [the Court] must find that the absence of that fairness fatally infected

the trial; the acts complained of must be of such quality as necessarily prevent a fair trial.' * * * Thus, unless the preliminary delay in some way deprives an accused of a fair trial there is no denial of due process of law. This is the rule in the federal, * * * as well as in the state courts. * * *"

■ Appellant argues that the instant case is distinguishable from Maldonado because appellant is a minor. There is no merit in this contention. In re Gault, 387 U.S. 1, 87 S.Ct. 1428, 18 L.E.2d 527, clearly indicates the same constitutional standards apply to juveniles as to adults.

In State v. Raburn, 76 N.M. 681, 417 P.2d 813, the defendant contended that his constitutional rights were denied when he appeared before the district court without counsel and made a certain admission. This court held that nothing defendant said at the hearing was used against him, thus he was not prejudiced by his admission and a showing of prejudice is required. Sanders v. Cox, 74 N.M. 524, 395 P.2d 353; Pearce v. Cox (10th Cir. 1965) 354 F.2d 884.

■ In the instant case, there is a complete absence of prejudice in the fact that 22 days elapsed from the time appellant was arrested until he appeared before the juvenile court, when counsel was appointed for him. Thereafter, at every stage of the proceedings he was represented by counsel. No claim is made of any unfairness, or that the delay of 22 days deprived appellant of any opportunity to prepare for and defend himself at the trial. Thus, we cannot say that he has been denied due process of law.

■ Appellant's second point asserts that the court erred in denying the motion to vacate the judgment and sentence, because appellant was not given a preliminary hearing. There is no merit in this contention. On October 22, 1964, when appellant was arraigned, he appeared in person and was accompanied by his attorney, who had been appointed to represent him in the juvenile proceedings and who was later appointed to represent him in the criminal proceedings in

the district court. At that time, appellant's attorney waived the right to have a copy of the charge for at least 24 hours before arraignment, and stated that appellant was ready to enter a plea. Appellant's attorney stated that appellant would waive his right to a preliminary hearing and entered a plea of not guilty. The entry of a plea in the district court, when represented by counsel, accomplishes a waiver to a preliminary hearing. State v. Gibby, 78 N.M. 414, 432 P.2d 258; State v. Darrah, 76 N.M. 671, 417 P.2d 805; State v. Blackwell, 76 N.M. 445, 415 P.2d 563; Sanders v. Cox, supra.

■ Appellant next contends that the trial court erred in refusing to grant appellant's motion to vacate for the reason that, despite the jury's recommendation for clemency, appellant was sentenced to the maximum term permitted by law, thus constituting an abuse of discretion on the part of the trial court. Appellant cites State v. Carabajal, 26 N.M. 384, 193 P. 406, 17 A.L.R. 1098, as authority for this contention. Appellant's contention is answered by State v. Carabajal, supra, at page 400, 193 P. p. 412, wherein we stated:

"* * * The statute did not authorize the jury to suggest any particular term of sentence, but merely authorized the jury to lay before the court the fact that they thought clemency might properly be shown. The final discretion and determination as to what the sentence should be was left undisturbed with the court. No other conclusion can be reached from the words used in the statute. Nor can any other workable interpretation be arrived at. If the discretion to determine the sentence rests with the court, as it evidently does, who shall say whether the court yielded enough to satisfy the suggestion of the jury in the recommendation to mercy. Endless controversy would arise in each case if the discretion of the trial judge is to be subjected to review by this court. When the district judge, sitting as he does and hearing the evidence, exercises his best judgment and discretion as to a suitable sentence, after having

noted and given due consideration to the opinion of the trial jury expressed in their verdict, the defendant has received all that he is entitled to under this statute."

This view was reaffirmed in State v. Young, 33 N.M. 212, 263 P. 515.

There is another answer to this contention. Appellant was convicted of armed robbery, sentenced as provided by § 40A–29–3(B), N.M.S.A., 1953 Comp., and in accordance with § 40A–29–1, N.M.S.A., 1953 Comp., which provides:

"No person convicted of a crime under the Criminal Code shall be sentenced except in accordance with the Criminal Code."

Therefore, there could be no abuse of discretion in sentencing appellant as was done in this case.

■ Appellant's final contention, although not so stated in express words, relates to the refusal of the trial court to allow appellant to be present and submit testimony with respect to his allegation of comment by the State in closing argument in the original case on appellant's failure to testify. This related to a question which was not raised in the prior appeal, nor could it have been, because there was no record made of the closing arguments. Therefore, appellant had the right in this Rule 93 proceeding to submit proof outside of the original record.

Although it is contended by the State that appellant should be bound by the trial court's findings, such an argument has no standing, in view of the trial court's refusal to allow a hearing in its true sense. In this context, Machibroda v. United States, 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed.2d 473, is controlling, and requires that appellant be given an opportunity to be present and testify with respect to his recollection of what occurred. State v. Buchanan, (filed December 11, 1967) 78 N.M. 588, 435 P.2d 207, is in accord with what is stated herein, and reference to that case is made for a more complete discussion of the problem.

For the reasons stated, the trial court's decision will be reversed, with direction that a hearing be granted to appellant, at which time he should be allowed the opportunity to testify on the point here considered.

It is so ordered.

CARMODY, J., and OMAN, J., Court of Appeals, concur.