437 P.2d 122

STATE of New Mexico, Plaintiff-Appellee,

v.

John Andrew OLGUIN, Defendant-Appellant.

No. 8386.

Supreme Court of New Mexico.

Feb. 5, 1968.

Gary D. Reagan, Albuquerque, for defendant-appellant.

Boston E. Witt, Atty. Gen., James V. Noble, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

CHAVEZ, Chief Justice.

Defendant-appellant John Andrew Olguin, having been found guilty of armed robbery by a jury on April 24, 1961, was duly sentenced to the New Mexico State Penitentiary. On April 12, 1966, appellant filed a motion under Rule 93 (§ 21-1-1(93), N.M.S.A., 1953 Comp., 1967 Pocket Supp.), to vacate the judgment and sentence. The motion was denied and this appeal resulted.

On March 20, 1961, appellant appeared before the district court of Bernalillo County, accompanied by his attorney, and being formally arraigned entered a plea of not guilty. Bond in the sum of $3000 was continued and the case set for trial. The record does not disclose when appellant was taken before a committing magistrate for the purpose of setting bail, although since the bond of $3000 was continued, evidently bail was set prior to March 20, 1961. At the arraignment of appellant on March 20, 1961, he first entered a plea of "nolo contendere," but this coming as news to appellant's attorney, the plea was changed to "not guilty," which was accepted by the court. Appel-

lant's attorney also moved that the bond be reduced to $2000, stating that appellant and James Joseph Herrera had been in jail over three months and had been unable to make bond.

On April 24, 1961, appellant and Herrera, both appearing in person and being represented by their respective counsel, were tried by a jury, found guilty and duly sentenced.

The record discloses that appellant and Herrera were arrested by the police on December 13, 1960, at about 1:24 a. m., pursuant to a car-radio-communication description of two men who were involved in an armed robbery at Ned's Liquor Store. One of the men was described as having a goatee, a thin mustache and wearing a dark brown sport coat. The police officer recognized Herrera at a Humble filling station and he had a goatee, a small mustache and was wearing a dark brown sport coat. Appellant and Herrera were taken into custody and booked in jail. Appellant, while being booked, gave his name as John Lopez, but when the arresting officer obtained his identification from his billfold, appellant admitted his right name. Ralph Fulks, an employee of Ned's Liquor Store where the robbery occurred, identified appellant as being one of the two men who had entered the store, pulled a gun on him, made him open the cash drawer and show them where the money was under the counter. Fulks testified it was appellant who pushed him toward the icebox and Fulks "got in there," and that Fulks was told to stay there ten minutes after they left or they would kill him. Fulks was unable to state how much money was taken, but the owner of Ned's Liquor Store testified that approximately $240 and stamps were missing after the robbery. The arresting officer at the Humble filling station took two guns from appellant and Herrera. When appellant and Herrera were searched, $144 in bills was found on appellant and, in the glove compartment of the subject's car, the officers found rolls of change, stamps and loose change totaling $94.27. Detective Tenna testified that at about 2:00 p. m. on December 13, 1960, he talked to appellant, who gave the officer a statement. Before appellant gave his statement, Tenna advised him that he did not have to talk about the case they were investigating. Appellant was offered the use of a telephone and a telephone directory so that he could telephone out if he wished to do so, and appellant was also advised that he could obtain counsel. Detective Tenna typed the statement given to him by appellant and handed it to appellant, who read it aloud. Tenna testified that appellant said the statement was true and correct, but that appellant refused to sign it, saying "he would rather have the OK of his attorney before he would sign the statement." Appellant never signed the statement. The statement was offered in evidence and, after appellant's attorney stated there was no objection, it was admitted into evidence.

Appellant contends that the judgment and sentence were illegal and unconstitutional for the following reasons: (a) Appellant did not have counsel to advise him of his rights at arraignment; (b) the trial court committed fundamental error in admitting in evidence an unsigned confession during a period of unreasonable delay; and (c) appellant was not advised of his right to counsel throughout all proceedings.

There is no merit in appellant's contentions under subpoints (a) and (c). Appellant, accompanied by counsel, appeared in the district court for arraignment and entered a plea of not guilty. Thereafter, he appeared with counsel and went to trial before a jury. The trial court, in its order denying the motion to vacate the judgment and sentence, found the facts as above set out; concluded that appellant was not prejudiced by anything which occurred at any time when he was not represented by counsel; and that, by proceeding to trial with counsel, appellant waived any defects in the preliminary proceedings. This court does not weigh the evidence or pass upon the credibility of the witnesses. That is within the province of the trial court and, substantial evidence being present to sup-

port the findings, we will not disturb them. State v. Gibby, 78 N.M. 414, 432 P.2d 258; Beacon Supply Company v. American Fiber Corp., 75 N.M. 29, 399 P.2d 927; Utter v. Marsh Sales Company, 71 N.M. 335, 378 P. 2d 374. Additionally, this court has repeatedly held that an entry of a plea in the district court, after consulting with and being advised by counsel, in itself accomplishes a waiver to a preliminary hearing. State v. Gibby, supra. Also, a plea in the district court, when represented by counsel, serves as a waiver, including failure to advise of right to or to provide counsel. State v. Blackwell, 76 N.M. 445, 415 P.2d 563; Sanders v. Cox, 74 N.M. 524, 395 P.2d 353; State v. Vaughn, 74 N.M. 365, 393 P.2d 711.

█ Furthermore, this case, having been determined prior to June 13, 1966, Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, does not apply. Johnson v. State of New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882; State v. Gonzales, 77 N.M. 583, 425 P.2d 810. Neither is Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977, applicable under the state of the record as hereinbefore related.

██ We now approach appellant's contention under subpoint ·(b), that the unsigned statement was obtained during a period of unreasonable delay in arraignment. We hold there is nothing in the record indicating that appellant was prejudiced in the delay in arraignment. Absent a showing of prejudice, the delay in holding a preliminary hearing is not a denial of due process. State v. Henry, 78 N.M. 573, 434 P.2d 692 (filed December 11, 1967). Also, the acts complained of must be of such quality as necessarily prevent a fair trial. The record before us clearly shows that the delay in arraignment in no way deprived appellant of a fair trial. We said in State v. Gomez, 75 N.M. 545, 408 P.2d 48, that a person convicted of crime shall have a fair trial. This appellant had.

Appellant also contends that this is a proper case for us to apply the doctrine of fundamental error announced in State v.

Garcia, 19 N.M. 414, 143 P. 1012. Appellant argues that the delay in arraignment was unreasonable and that appellant's statement obtained during this period of unreasonable delay violated fundamental fairness which this court seeks to preserve.

██ As hereinbefore stated, the delay in arraignment in no way deprived appellant of a fair trial. The statement made by appellant was obtained at about 2:00 p. m. on the day he was arrested. The statement was voluntarily made without any inducement or threat. There is no basis for the application of the doctrine of fundamental error in this case. The doctrine is applied when the evidence in a criminal case not only fails to support the verdict, but shows conclusively that the defendant did not commit the crime charged. State v. Garcia, supra. None of the elements required for the application of the doctrine are shown in this case.

█ There is another reason why appellant cannot prevail in this case. Appellant filed a habeas corpus proceeding in the District Court for Santa Fe County, but before obtaining a hearing thereon, he proceeded in the United States District Court for the District of New Mexico. The grounds for relief in the habeas corpus proceeding in the federal court were the same as raised here. The United States District Court heard appellant's petition on the merits and ordered that the petition be denied. The trial court of Bernalillo County, in its order denying appellant's motion to vacate the judgment and sentence, concluded that the issues raised by appellant's motion had been ruled on and his allegations denied in the United States District Court. Rule 93, supra, provides:

"A prisoner in custody under sentence of a court established by the laws of New Mexico claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution of the United States, or of the Constitution or laws of New Mexico, or that the court was without jurisdiction to impose such sentence, or that the sentence was in

excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence."

In Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148, which was in existence when Rule 93 was adopted, the court held:

"Controlling weight may be given to denial of a prior application for federal habeas corpus or § 2255 relief only if (1) the same ground presented in the subsequent application was determined adversely to the applicant on the prior application, (2) the prior determination was on the merits, and (3) the ends of justice would not be served by reaching the merits of the subsequent application."

The judgment of the district court is affirmed.

It is so ordered.

NOBLE and COMPTON, JJ., concur.