**Danny B. HUSTON, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 48096.**

Missouri Court of Appeals,
Eastern District,
Division Six.

Sept. 11, 1984.

Motion for Rehearing and/or Transfer to Supreme Court Denied
Oct. 16, 1984.

Application to Transfer Denied
Nov. 20, 1984.

Thomas J. Marshall, Public Defender, Moberly, for appellant.

John Ashcroft, Atty. Gen., by John J. Oldenburg, Jr., Asst. Atty. Gen., Jefferson City, for respondent.

CLEMENS, Senior Judge.

Movant (hereafter defendant) appeals the denial of his *second* Rule 27.26 motion. Therein he challenges his original conviction on the grounds his previous guilty plea had been involuntary because of inadequate counsel; and also that the second motion court did not make findings of fact and conclusions of law.

Defendant did not call his original trial counsel as a witness on his second motion.

The local public defender diligently represented defendant therein, both in the circuit court and here on appeal. The record shows defendant was intelligent and articulate.

Defendant had been initially charged with and was being tried for rape and kidnapping. After three hours of trial, and after consultation with counsel, defendant pled guilty. This plea was accepted only after the trial court's detailed explanations of defendant's rights and the effect of pleading guilty. Defendant then expressed satisfaction with his trial counsel and with the sentence to be imposed.

Then came defendant's first Rule 27.26 motion based on inadequate trial counsel. The trial court then found factually:

"That at the time of his pleas of guilty and before, movant was able to and did in fact assist trial counsel in defending his case, and entered his pleas of guilty for the purpose of receiving a lighter sentence from the court than he anticipated from the jury and not for any other reason."

The court then denied defendant's initial Rule 27.26 motion.

Defendant then filed this second Rule 27.26 motion, relying primarily on allegations of ineffective trial counsel. The trial court granted defendant an evidentiary hearing on this second motion but defendant did not call trial counsel to testify.

■ On this evidentiary hearing on his second motion defendant raised challenges to his original guilty plea: First, that his guilty plea was based on an involuntary confession, but at his evidentiary hearing he acknowledged he knew this at the original Rule 27.26 hearing. Second, that he was tried under excessive bail, but he later testified he also knew this at the time of his original Rule 27.26 hearing. Third, that the state had used perjured testimony by the victim, but defendant testified he also knew this at his original Rule 27.26 hearing. We hold defendant failed under Rule 27.26(d) to establish that these grounds could not have been raised in his original motion.

■ Defendant also now challenges his conviction on the alleged ground of ineffective trial counsel in failing to originally present the above three grounds. We deny this contention for two reasons. First, because these grounds were refuted by the defendant's above quoted admissions. Second, charges of ineffective trial counsel are not grounds for relief in a

second motion. In *State v. Brown,* 633 S.W.2d 301[1] (Mo.App.1982) we held:

"The claim 'that counsel at a Rule 27.26 proceeding was ineffective does not attack conduct in a criminal case nor a defect in the original conviction or sentence and so is beyond the scope of the remedy.'"

By defendant's other point he challenges the summary denial of his second Rule 27.26 motion without the court making detailed findings and conclusions of law. The requirement is obviously geared to rulings on original, not supplementary Rule 27.26 motions. Defendant's cited case of *State v. Brown,* 436 S.W.2d 724 (Mo. 1969) is unique and does not support his contention. To the contrary, see *Haynes v. State,* 561 S.W.2d 450[2] (Mo.App.1978).

Defendant also contends his "plea-bargain" was breached by the forwarding of information to his parole board that another criminal charge against him had been nolle prossed by the prosecutor. This contention has no merit.

Affirmed.

SATZ, P.J., and SMITH, J., concur.