**Jack Edward NEWMAN,**
**Movant-Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 14242.**

Missouri Court of Appeals,
Southern District,
Division Two.

Dec. 20, 1985.

Motion for Rehearing and/or Transfer to
Supreme Court Denied
Jan. 10, 1986.

Application to Transfer Denied
Feb. 18, 1986.

Lew Kollias, Columbia, for movant-appellant.

William L. Webster, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for respondent.

PREWITT, Chief Judge.

Movant appeals from the dismissal of his second motion under Rule 27.26. Movant was convicted of murder in the first degree and the conviction was affirmed on appeal. See *State v. Newman,* 605 S.W.2d 781 (Mo. 1980). He then filed a motion under Rule 27.26. That motion was denied by the trial court and affirmed on appeal. See *Newman v. State,* 669 S.W.2d 617 (Mo.App. 1984).

Thereafter, movant filed another motion under Rule 27.26, alleging that the information on which he was tried was defective. The motion alleged that movant did not know of the error in the information until after he had filed his first 27.26 mo-

tion. Counsel was appointed for movant and an amended motion was filed. It added that movant received ineffective assistance of counsel in the criminal trial because his attorney failed to "recognize the defective information and to take action to have the defect corrected or the charges dismissed." The amended motion stated that the two grounds were not raised earlier because movant had been unaware that the information was defective.

Thereafter, a "second amended motion" was filed adding additional grounds of ineffective assistance of counsel. It stated that movant's trial attorney did not explain to him the elements of the crime that he was charged with, did not explain to movant that he could have pleaded to a lesser charge, and "did not discuss with him other alternatives as to his defense as presented."

The prosecuting attorney filed a motion to dismiss without an evidentiary hearing, stating that the second 27.26 motion was based upon grounds which should have been or could have been known to movant at the time he filed his first 27.26 motion. A hearing was held and movant's motion dismissed without an evidentiary hearing.

On appeal movant contends that the trial court erred in dismissing his motion "because written findings of fact and conclusions of law are required to support a judgment of dismissal of such a motion in that such findings and conclusions are mandated by Rule 27.26(i) to explain the reasons for such judgment and enable movant and the appellate court to engage in appellate review of the propriety of the judgment."

Rule 27.26(i) states in part that the trial "court shall make findings of fact and conclusions of law on all issues presented, whether or not a hearing is held." We construe this portion of the rule to mean that if the "issues presented" include factual issues, then findings of fact are necessary. If there is no evidentiary hearing and legal issues alone dispose of the motion, then findings of fact are not required. Although literally the rule might seem to require findings of fact, we do not understand how a court can, or why a court should, make findings of fact when no evidence is presented and the motion is disposed of on a question of law.

We believe that this matter was properly decided by the trial court on a nonfactual basis. Rule 27.26(d) states:

> *Successive Motions.* The sentencing court shall not entertain a second or successive motion for relief on behalf of the prisoner where the ground presented in the subsequent application was raised and determined adversely to the applicant on the prior application or where the ground presented is new but could have been raised in the prior motion pursuant to the provisions of subsection (c) of this Rule. The burden shall be on the prisoner to establish that any new ground raised in a second motion could not have been raised by him in the prior motion.

To present contentions in a second 27.26 motion, the movant must allege a reason or reasons which, if established by proof, would authorize a finding that the movant could not have previously presented those grounds. *Jones v. State*, 521 S.W.2d 504, 506 (Mo.App.1975).

Here, there was no showing why these grounds could not have been previously raised. The information was available to movant. A lack of legal knowledge on his part does not excuse his failure to present known facts in a previous 27.26 motion. *Brown v. State*, 674 S.W.2d 578, 580 (Mo.App.1984).

*Huston v. State*, 679 S.W.2d 408, 410 (Mo.App.1984), states that the requirement of detailed findings and conclusions of law are not required by a second Rule 27.26 motion as "[t]he requirement is obviously geared to rulings on original, not supplementary Rule 27.26 motions." Findings of fact and conclusions of law might be required in disposing of a second 27.26 motion where the first 27.26 motion had been withdrawn or summarily denied. See *Brauch v. State*, 611 S.W.2d 406, 407 (Mo.

App.1981). We need not decide that question here.

■ However, where, as here, the first motion was heard and denied and the second motion does not state a sufficient reason why its grounds could not have been presented in the first motion, no findings of fact or conclusions of law are required. Compare *Howard v. State*, 698 S.W.2d 23, 24 (Mo.App.1985); *Smith v. State*, 674 S.W.2d 638, 642 (Mo.App.1984).

The judgment is affirmed.

HOGAN, P.J., and MAUS and CROW, JJ., concur.