**Shirley LUTE, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 40642.**

Missouri Court of Appeals, Western District.

Feb. 14, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 28, 1989.

Application to Transfer Denied May 16, 1989.

Craig Johnston, Asst. Public Defender, Columbia, for appellant.

William L. Webster, Atty. Gen., Christopher M. Kehr, Asst. Atty. Gen., Jefferson City, for respondent.

Before FENNER, P.J., and SHANGLER and BERREY, JJ.

FENNER, Presiding Judge.

Appellant, Shirley Lute, appeals the dismissal of the second motion she has filed seeking relief under Rule 27.26 (now repealed). Appellant was convicted of capital murder under § 565.001, RSMo Supp.1977 (repealed effective 10–4–84). Appellant was sentenced to life imprisonment and upon appeal her conviction was reversed and the case remanded for new trial. *State v. Lute*, 608 S.W.2d 381 (Mo. banc 1980).

Upon remand appellant was again convicted of capital murder and sentenced to life imprisonment. This conviction was affirmed on appeal. *State v. Lute*, 641 S.W. 2d 80 (Mo. banc 1982). Appellant then filed her first Rule 27.26 motion in 1985 in the Circuit Court of Boone County. An evidentiary hearing was held before the Honorable Gene Hamilton on March 20, 1986. Judge Hamilton denied appellant's motion and filed his findings of fact and conclusions of law. Judge Hamilton's ruling was affirmed by this court on May 26, 1987. *Lute v. State*, 753 S.W.2d 306 (Mo.App. 1987).

Appellant then filed a second Rule 27.26 motion, pro se, on November 12, 1987. This second motion came before the Honorable Ellen S. Roper. The State filed a motion to dismiss which was granted on February 1, 1988, with leave to the appellant to file an amended motion within 15 days. Counsel was appointed for appellant and an amended motion was filed. An evidentiary hearing was next held on the motion to dismiss filed by the State and the motion was sustained on April 19, 1988, without findings. This amended Rule 27.26 motion will hereinafter be referred to as the second 27.26 motion. It is the order dismissing her second 27.26 motion that appellant now appeals.

Appellant raises seven points in this appeal. The first three points are argued by counsel on appellant's behalf and the last four points are appellant's pro se arguments that she has directed counsel to present.

Appellant's first and seventh points argue that the trial court erred in failing to make findings of fact and conclusions of law on the matters presented in her second 27.26 motion.

Rule 27.26(i) required the trial court to "make findings of fact and conclusions of law on all issues presented, whether or not a hearing is held." However, where the issue presented is in a successive motion and is one requiring no evidentiary hearing, or is one dealing strictly with a question of law, as in appellant's amended motion, then it has been held that no findings of fact are required. *Newman v. State*, 703 S.W.2d 71, 72 (Mo.App.1985).

Rule 27.26(d) further stated:

"(d) Successive Motions. The sentencing court shall not entertain a second or successive motion for relief on behalf of the prisoner where the ground presented in the subsequent application was raised and determined adversely to the applicant on the prior application or where the ground presented is new but could have been raised in the prior motion pursuant to the provisions of subsection (c) of this Rule. The burden shall be on the prisoner to establish that any new ground raised in a second motion could not have been raised by him in the prior motion."

To present claims in a second 27.26 motion, the movant must allege reasons which, if established by proof, would authorize a finding that the movant could not have previously presented those grounds. *Newman, supra* at 72. The appellant did not allege any reasons in her second 27.26 motion why she could not have presented her claims in her previous 27.26 motion. As a matter of law the appellant's second 27.26 motion was subject to dismissal without the necessity of findings of fact or conclusions of law.

Appellant's second and fifth points on appeal argue that the trial court was without jurisdiction to proceed to trial because the information failed to plead the statute under which appellant was convicted pursuant to Rule 24.01(a) (Now Rule 23.01(b)). This claim was raised for the first time in appellant's second 27.26 motion. Appellant has failed to allege why this claim could not have been raised on direct appeal or in her first 27.26 motion and therefore, appellant has waived any review on this point. *Mahaney v. State*,

660 S.W.2d 774, 775 (Mo.App.1983); *Futrell v. State*, 667 S.W.2d 404, 408 (Mo. banc 1984).

Appellant claims in her third point and again in her fourth point that the court in her second 27.26 motion was clearly erroneous in not "making a finding that the trial court was without jurisdiction ... because there was no information filed in Boone County." This claim was not raised by the appellant in either her first or her second 27.26 motion. Appellant's claim is raised for the first time in this appeal from the denial of her second 27.26 motion and is therefore, not cognizable. *Williams v. State*, 712 S.W.2d 404, 410 (Mo.App.1986); *Mallett v. State*, 716 S.W.2d 902, 905 (Mo. App.1986).

Appellant's sixth point in this appeal, presented pro se, is yet another challenge to the trial court's jurisdiction based on an alleged fatally defective "complaint". Appellant argues that the "complaint" failed to allege the same state of mind as that of the alleged co-defendant, Roy Welch. Appellant's claim is not preserved for appeal in that she has wholly failed to cite any reference to the legal file or record on appeal to support her allegations. Rule 84.04(h); *State v. Cheeks*, 604 S.W.2d 30, 32 (Mo.App.1980).

The judgment of the hearing court denying appellant's second 27.26 motion is affirmed.

All concur.