**Earl WEEKS, Movant–Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 15880.

Missouri Court of Appeals,
Southern District,
Division Two.

May 5, 1989.

Gary M. Wilson, Asst. Public Defender, Springfield, for movant-appellant.

William L. Webster, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for respondent.

PER CURIAM.

Movant Earl Weeks appeals from the trial court's order, entered without an evidentiary hearing, overruling his Rule 27.-26 [1] motion to set aside a judgment and sentence for murder. The conviction, based on a jury verdict, was affirmed by this court, *State v. Weeks*, 546 S.W.2d 567 (Mo.App.1977).

Movant's sole point is that he was entitled to an evidentiary hearing on his motion and to relief thereon, and the trial court erred in ruling otherwise, because the motion raised issues of fact as to whether movant was denied effective assistance of counsel at the jury trial and whether his counsel at the jury trial "operated under an impermissible conflict of interest." Movant also asserts that he was deprived of his opportunity, at the hearing on his *second* motion for new trial following the jury verdict, "to 'confront' his trial attorneys as to their performance at [the jury trial]," and that "the court of appeals addressed these issues when they were not yet properly reviewable and without the benefit of a complete record."

Appellate review is limited to a determination of whether the findings, conclusions and judgment of the trial court are clearly erroneous. Rule 27.26(j). In order to qualify for an evidentiary hearing, movant must meet three requirements: (1) The motion must allege facts, not conclusions, warranting relief; (2) those facts must raise matters not refuted by the files and

records in the case; (3) the matters complained of must have resulted in prejudice to movant. *Ahart v. State*, 732 S.W.2d 256, 257[1] (Mo.App.1987).

An issue which could have been raised on direct appeal from a criminal conviction, even if it is a constitutional issue, may not be raised in a post-conviction proceeding, except where fundamental fairness requires otherwise and only in rare and exceptional circumstances. *Brayfield v. State*, 738 S.W.2d 579, 580[1] (Mo.App. 1987); *Bradford v. State*, 694 S.W.2d 760, 761[1] (Mo.App.1985).

"A rule 27.26 motion cannot be used as a vehicle for a second appellate review and issues decided in the direct appeal cannot be litigated in a post-conviction proceeding.... This is true even though the issue is cloaked in a different theory." *O'Neal v. State*, 766 S.W.2d 91, 92[1] (Mo. banc 1989).

"The sentencing court is barred from entertaining a second, or successive, motion for relief whose allegation of error has been raised and determined adversely to the applicant on a prior application, or where the ground presented is new, but could have been raised in the prior motion. The burden is on the prisoner to establish that any ground raised in a second motion could not have been raised by him in the prior motion. Rule 27.-26(d)."

*Sours v. State*, 725 S.W.2d 649[1] (Mo.App. 1987).

A claim that counsel was ineffective in a Rule 27.26 proceeding may not be the basis for a second Rule 27.26 proceeding. *Huston v. State*, 679 S.W.2d 408, 409–410[3] (Mo.App.1984).

The instant Rule 27.26 motion was filed on March 2, 1987. It was amended on August 14, 1987, and again amended on November 5, 1987. This opinion will refer to that motion, as amended, as "the second

---

1. All references to rules are to Missouri Rules of Court, V.A.M.R. Rule 27.26 was repealed, effective January 1, 1988, by order of the Supreme Court of Missouri, and new rules were adopted in lieu thereof. On the instant appeal, post-conviction relief continues to be governed by the provisions of Rule 27.26, because the sentence was pronounced prior to January 1, 1988, and movant's motion under Rule 27.26 was then pending. See Rule 29.15(m), effective January 1, 1988.

Rule 27.26 motion." For the reasons which follow, this court affirms the judgment of the trial court denying movant relief.

On November 30, 1974, movant, during the course of a robbery, murdered an elderly lady. Since that date, movant's numerous contacts with the legal system, culminating in the instant proceeding, occurred in the following steps:

(1) April 5, 1975—A jury found movant guilty of first degree murder and fixed his punishment at life imprisonment.

(2) May 16, 1975—Movant filed an untimely motion for new trial. On May 23, 1975, the trial court conducted an evidentiary hearing on movant's charges of ineffective assistance of assisting counsel, intimidation and harassment of defense witnesses, and other points contained in the untimely motion.

(3) February 1, 1977—This court reviewed the six-volume transcript (1,558 pages) and the exhibits, and considered the 13 points contained in movant's 68–page brief. No plain error was found and this court affirmed the conviction. *State v. Weeks*, 546 S.W.2d 567 (Mo.App.1977), ("*Weeks I*").

(4) May 17, 1977—Movant filed a Rule 27.26 motion, which this opinion will refer to as "the first Rule 27.26 motion." One ground of that motion was based on ineffective assistance of counsel in failing to file a timely motion for new trial. On July 3, 1978, the trial court sustained the motion on that ground and overruled the other grounds. Movant appealed to this court from the latter portion of the trial court's order. On March 29, 1979, that appeal (Case No. 11306) was dismissed for movant's failure to perfect it. See *State v. Weeks*, 603 S.W.2d 657, 659, n. 1 (Mo.App. 1980). On July 6, 1978, movant filed his second motion for new trial.

(5) September 29, 1978—The trial court held a hearing on, and denied, movant's second motion for new trial.

(6) June 18, 1980—This court, on movant's appeal, affirmed the conviction and rejected movant's claims of ineffective assistance of counsel based on an alleged conflict of interest on the part of movant's attorney, Richard Franks, in also representing movant's co-defendant Ralph Parcel. This court also rejected movant's claims concerning harassment of defense witnesses, the admissibility of testimony and photographs concerning footprints in the snow, ineffective assistance of counsel in not calling Parcel as a defense witness, and the admissibility of testimony and photographs concerning witness Pearson. *State v. Weeks*, 603 S.W.2d 657 (Mo.App. 1980), ("*Weeks II*").

(7) November 25, 1980—Movant filed a petition for habeas corpus in the United States District Court for the Southern District of Iowa, asserting 33 grounds for relief.

(8) December 30, 1980—The habeas corpus proceeding was transferred to the United States District Court for the Western District of Missouri.

(9) April 1, 1985—The United States District Court (W.D.Mo.) ruled in favor of the respondents-state officials and against petitioner-Weeks with respect to the following grounds set forth in the petition for habeas corpus: ineffective assistance of counsel based on alleged conflicts of interest due to attorney Franks' dual representation of petitioner Weeks and his co-defendant Parcel; ineffective assistance of counsel in failing to object to and exclude the testimony of witness Pearson; harassment and intimidation of defense witnesses by state officers; ineffective assistance of counsel for failing to protect defense witnesses from harassment and intimidation; ineffective assistance of counsel in failing to object to photographs and testimony pertaining to footprints in the snow; and insufficiency of the evidence to support the conviction. *Weeks v. Scurr*, 608 F.Supp. 884 (D.C.Mo. 1985), ("*Weeks III*").

The statement of facts portion of movant's brief on his instant appeal states: "[the second Rule 27.26 motion] alleged that movant was denied the effective assistance of counsel by trial attorneys Lawrence Johnson and Richard Franks and at his motion for new trial hearing and direct appeal by Michael Baker because the trial

court ruled that movant had no right to confront his trial attorneys at the motion for new trial hearing concerning the issues of ineffective assistance of counsel and conflict of interest. Movant further alleged that since his claims on direct appeal were couched in terms of ineffective assistance of counsel and that attorney Baker was precluded by the trial court from addressing these issues at the motion for new trial hearing, he was denied his right to effective assistance of counsel on direct appeal.... The trial court's refusal to allow him to pursue the issues of ineffective assistance of counsel and conflict of interest at the motion for new trial hearing prevented attorney Baker from making a proper record for appeal concerning these issues and from adequately briefing movant's claims on direct appeal."

In the argument portion of his brief, movant merely states: "Movant, in his [second Rule 27.26 motion], alleged numerous claims that he received ineffective assistance of counsel at trial and that trial counsel was operating under a conflict of interest."

Movant's sole point on this appeal, set forth in the second paragraph of this opinion, asserts that he was denied effective assistance of counsel at the jury trial, that his counsel at the jury trial operated under an impermissible conflict of interest, and that the trial court, at the hearing on the second motion for new trial following the jury verdict, deprived movant of his right to "confront" his trial attorneys as to their performance at the jury trial.

■ A gratuitous examination by this court of movant's second Rule 27.26 motion shows that it contains a tedious echoing of the complaints presented to this court and ruled contrary to movant in *Weeks II.* Issues decided in the direct appeal cannot be relitigated in a post-conviction proceeding. *O'Neal v. State,* supra.

■ Movant filed his first Rule 27.26 motion on May 17, 1977. The trial court, with respect to movant's second Rule 27.26 motion, was "barred," *Sours v. State,* supra, from entertaining any ground contained in the second motion which was

raised, and determined adversely to movant, in the first Rule 27.26 motion, or which could have been raised in that motion. The burden was on movant to establish that any ground raised in the second motion could not have been raised by him in his first motion. *Sours v. State,* supra.

Movant's complaint concerning the trial court's conduct in restricting movant's opportunity "to confront his trial attorneys as to their performance at the jury trial" refers to the hearing on September 29, 1978, which culminated in the trial court's order of that date denying movant's second motion for a new trial. That ruling could have been the subject of a complaint by movant in *Weeks II,* and he made no such complaint. Further, in *Weeks III,* U.S. District Judge Bartlett pointed out, 608 F.Supp. 890–891, that on May 23, 1975, the state trial court held an evidentiary hearing on movant's *first* motion for new trial, in which movant asserted that attorney Franks had a conflict of interest because of joint representation of movant and co-defendant Parcel. Judge Bartlett stated: "The state trial court did not restrict [movant's] presentation of evidence on the conflict of interest issue." Judge Bartlett also pointed out that the state trial court, at the evidentiary hearing on movant's *second* motion for new trial, accepted movant's "extensive offers of proof" with respect to the issue of ineffective assistance of counsel.

This court, in *Weeks II,* ruled adversely to movant on the matter of the alleged conflict of interest on the part of movant's attorney Richard Franks. Movant's instant brief fails to point out any evidence which could have been, but was not, adduced on movant's behalf at the hearing of May 23, 1975, on movant's first motion for new trial. Movant's instant brief fails to point out any evidence which could have been adduced at the hearing on September 29, 1978, and which was not so adduced by reason of the trial court's ruling restricting evidence at that hearing.

In *Weeks III* Judge Bartlett held, at 890, that movant "received a full and fair evidentiary hearing in state court on the con-

flict of interest issue." Some courts hold that when a ground for relief is raised in a habeas corpus proceeding in federal court, and is denied, the same ground cannot be the basis for post-conviction relief in a subsequent post-conviction proceeding in state court. *State v. Olguin,* 78 N.M. 661, 437 P.2d 122, 124[8] (1968). See also *Foxworth v. State,* 275 S.C. 615, 274 S.E.2d 415, 416[2] (1981); *Commonwealth v. Bennett,* 472 Pa. 314, 372 A.2d 713, 716–717 (1976). Cf. *Ross v. State,* 292 Ark. 663, 732 S.W.2d 143, 144[1] (1987). It is not necessary for this court to decide whether that principle is valid and applicable here.

In the instant proceeding the trial court, after making many references to *Weeks I, Weeks II,* and *Weeks III,* entered a seven-page order containing findings of fact and conclusions of law. Movant's brief does not challenge the correctness of any of those findings or conclusions.

■ This court's review of movant's second Rule 27.26 motion shows that, with one exception, the grounds presented in it were decided adversely to movant in *Weeks II,* or that movant has failed to establish that any ground raised in his second Rule 27.26 motion could not have been raised in his first Rule 27.26 motion. The exception deals with the ruling of the trial court restricting movant's opportunity to offer evidence at the hearing on September 29, 1978. With respect to that ruling, the second Rule 27.26 motion does not allege facts warranting relief, nor does it allege facts demonstrating prejudice to movant.

The judgment is affirmed.

All concur.