This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                          **No. A-1-CA-36827**

**ROBERT EGERTON,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF EDDY COUNTY**
**Jane Shuler-Gray, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
John Charles Bennett, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**ZAMORA, Judge.**

{1}     Defendant has appealed from convictions for CSP II, aggravated burglary, aggravated assault, and tampering with evidence. We issued a notice of proposed

summary disposition in which we proposed to uphold the convictions. Defendant has filed a combined memorandum in opposition and motion to amend the docketing statement. After due consideration, we deny the motion, and we affirm.

{2}     We will begin with the motion to amend. Defendant seeks to raise two additional issues, based upon his assertion that the district court improperly took part in the plea negotiations, and his contention that the signature on the plea agreement is not his own. [MIO 20-21] The record supplies no support for the premises. [MIO 20-21] Under the circumstances, the issues are not viable; we therefore deny the motion to amend. *See, e.g.*, *State v. James*, 1989-NMCA-089, ¶ 30, 109 N.M. 278, 784 P.2d 1021 (denying a motion to amend where the issue was unsupported by the record and, therefore, without merit).

{3}     We turn next to the issue originally raised in the docketing statement, by which Defendant has challenged the denial of his motion to withdraw his plea. [DS 4; MIO 7-19] We review for abuse of discretion. *State v. Turner*, 2017-NMCA-047, ¶ 26, 396 P.3d 184 ("A district court's denial of a motion to set aside a plea is reviewed for an abuse of discretion.").

{4}     Defendant sought to withdraw his plea because he regretted his decision to enter the plea, he felt in retrospect that "taking his chances" at a jury trial would have been preferable, and he wished to have "his day in court and to have a jury trial," [DS 3; RP

80] As we previously observed, [CN 5-6] these sentiments did not supply a basis for relief from the previously-accepted plea. *See State v. Moore*, 2004-NMCA-035, ¶ 30, 135 N.M. 210, 86 P.3d 635 (observing that a defendant's sense of regret is "insufficient to require the court to conclude . . . that the plea was not voluntarily and knowingly entered").

{5}　　In his memorandum in opposition Defendant focuses upon his alleged belief that he was facing the death penalty, based upon his trial attorney's erroneous advisement to that effect. [MIO 6, 19] However, the district court clearly rejected Defendant's assertions, finding that it "did not happen" as Defendant stated. [DS 3; MIO 6] We are in no position to second guess the district court's determination. *See State v. Olguin,* 1968-NMSC-012, ¶ 6, 78 N.M. 661, 437 P.2d 122 ("This [C]ourt does not weigh the evidence or pass upon the credibility of the witnesses. That is within the province of the trial court and, substantial evidence being present to support the findings, we will not disturb them."). As a result, we reject the premise and the correlative argument.

{6}　　Defendant further suggests that the record is insufficient to establish that the plea was knowing, intelligent, and voluntary. [MIO 17-19] However, the record before us, which contains the plea agreement, the requisite colloquy, district court's acceptance of the plea, Defendant's subsequent motion to withdraw the plea, the

State's response in opposition, and the district court's denial of that motion on the stated basis that the plea was knowingly, intelligently, and voluntarily made, is sufficient to permit meaningful review. [RP 73-78, 80-84, 105] To the extent that Defendant believes additional material beyond the record should be considered, we suggest that habeas corpus proceedings would be the appropriate avenue. *See, e.g.*, *Turner*, 2017-NMCA-047, ¶ 39 (rejecting a claim of ineffective assistance of counsel where the record was insufficient to establish that the attorney's performance rendered the defendant's plea unknowing or involuntary, and observing that insofar as many of the attorney's alleged failures were based on facts not of record, the ineffective assistance of counsel claim would be " more appropriately pursued, if at all, in habeas corpus proceedings").

{7}    Finally, Defendant invites this Court to reconsider the standard by which motions to withdraw pleas are evaluated. [MIO 7-17] However, this is controlled by Supreme Court precedent. *See State v. Hunter*, 2006-NMSC-043, ¶¶ 11-12, 140 N.M. 406, 143 P.3d 168 (explaining that the denial of a motion to withdraw a plea is reviewed for abuse of discretion, and that a trial court abuses its discretion when it denies a motion to withdraw a plea that was not knowing or voluntary). We are not at liberty to depart therefrom. *See State v. Wilson*, 1994-NMSC-009, ¶ 6, 116 N.M. 793, 867 P.2d 1175 (observing that this Court "remains bound by Supreme Court

precedent"). To the extent that Defendant wishes to pursue the argument, he is of course at liberty to petition the New Mexico Supreme Court for further review.

**{8}** Accordingly, for the reasons previously stated, we affirm.

**{9}** **IT IS SO ORDERED.**

_____

**M. MONICA ZAMORA, Judge**

**WE CONCUR:**

_____

**LINDA M. VANZI, Chief Judge**

_____

**MICHAEL E. VIGIL, Judge**