**Earl WEEKS, Petitioner,**

v.

**David SCURR, Warden, Iowa State Penitentiary, and Attorney General of the State of Missouri, Defendants.**

**No. 80–1138–CV–W–3–9.**

United States District Court,
W.D. Missouri, W.D.

April 1, 1985.

---

James R. Cox, Springfield, Mo., for petitioner.

George Cox, Asst. Atty. Gen., Jefferson City, Mo., for defendants.

## ORDER DENYING PETITIONER'S REQUEST FOR HABEAS CORPUS RELIEF

BARTLETT, District Judge.

Petitioner has filed a habeas corpus petition under 28 U.S.C. § 2254 challenging his conviction of first degree murder.

*Proceedings in State Court*

On February 6, 1975, petitioner, Earl Weeks, was charged with first degree murder for the slaying of 81 year old Lena Cukerbaum, a rural storekeeper, during the course of a robbery. On March 21, 1975, a hearing was held on defendant's motion to dismiss or, in the alternative, for a protective order for the alleged harassment of defense witnesses. The Court denied defendant's motion to dismiss, but granted his request for a protective order. On April 5, 1975, a jury found defendant guilty of first degree murder, and defendant was sentenced to life imprisonment. Pursuant to Rule 27.20(a), Missouri Rules of Civil Procedure, the trial court granted defendant thirty days beyond the ten days allowed by the rule to file his motion for new trial. Defendant's motion for new trial was filed May 16, 1975, forty-one days after the verdict.

On May 23, 1975, an evidentiary hearing was held on defendant's first motion for new trial at which testimony in support of defendant's motion was presented and affidavits were filed. The trial court denied defendant's motion for a new trial and sentenced defendant to life imprisonment.

On February 1, 1977, the Missouri Court of Appeals affirmed the defendant's conviction because defendant's late motion for new trial did not preserve the claimed errors for review. *State v. Weeks*, 546 S.W.2d 567, 570 (Mo.App.1977). On May 17, 1977, defendant filed a motion pursuant to Rule 27.26, Missouri Rules of Civil Procedure, seeking post-conviction relief. On July 3, 1978, the trial court vacated the judgment and sentence and granted defendant leave to file a motion for new trial.[1]

On July 6, 1978, defendant filed his second motion for new trial. Evidentiary hearings and legal arguments on defendant's second motion for new trial were held July 6, 1978, July 7, 1978, July 26, 1978, August 4, 1978, September 20, 1978, and September 29, 1978. On September 29, 1978, the trial court denied the motion for new trial, granted allocution, entered judgment, and again sentenced defendant to life imprisonment. Defendant filed his second notice of appeal on October 3, 1978. On June 18, 1980, the Missouri Court of Appeals affirmed defendant's conviction and sentence. *State v. Weeks*, 603 S.W.2d 657 (Mo.App.1980). Defendant's motions for rehearing or for transfer to the Missouri Supreme Court were denied. *Id.*

### Proceedings in Federal Court

Petitioner filed his *pro se* petition for a writ of habeas corpus in the United States District Court for the Southern District of Iowa on November 25, 1980. Thirty-three grounds for habeas corpus relief were as-

serted. On December 30, 1980, the case was transferred to this district because petitioner sought relief from a Missouri conviction. On May 24, 1982, the Court appointed Jim Cox to represent petitioner.

On March 9, 1983, this Court ruled that plaintiff had failed to exhaust the available state remedies for those claims designated in petitioner's petition as "Section B claims." The Order directed petitioner to brief his argument that petitioner's Section B claims were so closely intertwined with his Section A claims that they could not be considered separately. On May 11, 1983, petitioner filed a motion to reconsider the exhaustion issue.

In response to petitioner's request to reconsider the exhaustion issue, petitioner was directed on June 13, 1983, to file a list of all claims that he contended entitled him to relief. Petitioner was advised that the claims listed would be the only claims considered in this proceeding. In addition, the Court directed petitioner to file a statement for each claim showing the factual basis for petitioner's argument that available state remedies had been exhausted.

In response to the June 13, 1983, Order, petitioner filed his Statement of Claims and his Statement of Facts. In his Statement of Claims, petitioner asserted the following Section A claims:

1. Due to ineffective assistance of counsel and conflict of interest, petitioner was denied his right to call and confront co-conspirator Parcel.

2. Petitioner was denied effective assistance of counsel in that counsel failed to properly investigate and thus failed to discover the existence of Witness Pearson; did not interview said witness; failed to move to obtain the exclusion of his testimony; failed to properly object

---

1. The trial court granted defendant's Rule 27.26 post-conviction motion on the basis that petitioner did not receive effective assistance of counsel because counsel failed to file a timely motion for new trial. All other grounds raised in petitioner's Rule 27.26 motion were overruled. Petitioner was afforded the opportunity to file a second motion for new trial. Petitioner filed an appeal in the Missouri Court of Appeals from the portion of the trial court's order overruling the remainder of his Rule 27.26 motion. This appeal was dismissed because it was not perfected. *State v. Weeks*, 603 S.W.2d 657, 659 n. 1 (Mo.App.1980).

to the introduction of his testimony and to argument thereon by prosecution.

3. Petitioner was denied effective assistance of counsel and his right to confrontation, due process and a fair trial when counsel failed to properly object or otherwise protect petitioner from the threats, harassment and intimidation by the state which deprived petitioner of certain witnesses at trial (e.g. Rose, Snyder, Berton Dewitt, Murial Cozad, and Anson Weeks), and adversely affected the demeanor of all defense witnesses who testified.

4. Petitioner was denied effective assistance of counsel, due process and a fair trial in that counsel failed to properly investigate and thus failed to discover the existence of State's Exhibits 19, 19(a), 19(b), and 19(c), and failed to investigate, discover or interview six witnesses who testified concerning footprints in the snow which were never linked to the crime or the petitioner; failed to move to obtain the exclusion of this testimony and these exhibits; failed to properly object to the introduction of this testimony and these exhibits and to argument thereon by prosecution.

5. Petitioner was convicted upon insufficient evidence due to a denial of his right to effective assistance of counsel, due process and equal protection.

In addition, petitioner's Statement of Claims listed ten Section B claims.

On October 31, 1983, after reconsidering the March 9, 1983, ruling on the exhaustion issue, the Court declined to alter its previous ruling that the Section A claims asserted by petitioner were exhausted and that the Section B claims were not exhausted. On November 8, 1983, petitioner filed a motion requesting leave to amend his petition to delete the Section B claims. On November 22, 1983, leave was granted to amend the complaint by dismissing his Section B claims. Therefore, the only claims properly before the Court are petitioner's Section A claims.

*Exhaustion of Section A Claims*

Subsections (b) and (c) of 28 U.S.C. § 2254 provide as follows:

(b) An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective processes or the existence of circumstances rendering such processes ineffective to protect the rights of the prisoner.

(c) An application shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

In order to exhaust available state remedies, petitioner must fairly present to state courts the substance of his grounds for habeas relief so that the state courts will have a fair opportunity to rule on them before they are presented to this court. *Picard v. Connor,* 404 U.S. 270, 275–78, 92 S.Ct. 509, 512–14, 30 L.Ed.2d 438 (1971).

Section 2254 does not address the problem of a petition for habeas corpus which presents both exhausted and unexhausted grounds. In *Rose v. Lundy,* 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982), the Supreme Court instructed district courts not to consider "mixed petitions" containing both exhausted and unexhausted claims. Petitioner should be given the option of either returning to state court to exhaust all of his claims before presenting any of them to federal court, or proceeding in federal court with the exhausted claims after severing the unexhausted ones.

With the benefit of the parties' briefs on the merits and after an exhaustive review of the record, it is now apparent that petitioner has asserted several independent grounds for relief in each Section A claim.[2]

2. E.g., *see infra* notes 10, 12 and accompanying text.

Some of these grounds for relief have never been raised in state court.

Due to the length of time that this case has been pending, the time spent reviewing the lengthy state court record, and the desirability of ruling on the claims which petitioner has exhausted in order to simplify later proceedings, the unexhausted grounds included in the Section A claims will be dismissed without prejudice, and the exhausted grounds included in the Section A claims will be ruled.

### Evidentiary Hearing

Petitioner has repeatedly requested an evidentiary hearing. On November 23, 1983, the Court ordered the parties to designate the specific factual issues on which evidence would be submitted. On December 7, 1983, respondent stated that an evidentiary hearing was not warranted. Petitioner set forth the factual issues on which petitioner intended to submit evidence.

On January 4, 1984, the Court tentatively concluded that an evidentiary hearing was not necessary or desirable. The Court directed the parties to complete the briefing of the exhausted claims. In their final briefing on the merits, the parties have addressed again the question of whether an evidentiary hearing is necessary. Because the analysis of the hearing issue differs for each of the exhausted grounds, petitioner's request for an evidentiary hearing will be addressed as part of the discussion of each claim.

### CLAIM I

Petitioner's first claim asserts that "due to ineffective assistance of counsel and conflict of interest, petitioner was denied his right to call and confront coconspirator Parcel." Petitioner's briefs on the merits reveal that this "claim" actually includes the following separate grounds for habeas corpus relief:

1) Attorney Franks' dual representation of petitioner and co-defendant, Parcel, constituted an actual conflict of interest which adversely affected Franks' representation of Weeks; and

2) The failure of petitioner's lead trial counsel, Lawrence Johnson, to interview, investigate, or call Parcel as a witness was *per se* ineffective assistance of counsel.

### *Petitioner received a full and fair evidentiary hearing in state court on the conflict of interest issue*

■ Petitioner is entitled to an evidentiary hearing if he did not receive a full and fair evidentiary hearing in state court. *Townsend v. Sain,* 372 U.S. 293, 312–13, 83 S.Ct. 745, 757, 9 L.Ed.2d 770 (1963); 28 U.S.C. § 2254(d).

The state trial court held an evidentiary hearing on May 23, 1975, on petitioner's first motion for a new trial. Tr. 1472–1551. In that motion petitioner asserted that attorney Franks had a conflict of interest because of joint representation of petitioner and co-defendant, Ralph E. Parcel. Tr. 1454. The state trial court did not restrict petitioner's presentation of evidence on the conflict of interest issue.

At the evidentiary hearing on petitioner's second motion for a new trial, the state trial judge ruled that ineffective assistance of counsel was not an appropriate basis for granting a new trial. S.Tr. 526–27; S.Tr. 1057. Although petitioner's evidence on the effectiveness of counsel was not received, the Court accepted petitioner's extensive offers of proof.

■ Petitioner now contends that he was denied a full and fair evidentiary hearing in state court because the trial court precluded him from introducing evidence on the issue of conflict of interest at the evidentiary hearing on the second motion for new trial. Petitioner asserts that the record from the first motion for new trial must be ignored because the trial court was without jurisdiction to entertain the motion. However, petitioner relied on the record from the first motion for new trial in his second appeal to the Missouri Court of Appeals. Exhibit D, p. 44–56. Furthermore, the Missouri Court of Appeals relied on the record developed at the hearing on the first motion for a new trial in deciding the conflict

of interest issue. *State v. Weeks*, 603 S.W.2d at 660. Finally, petitioner relies on the record developed at the hearing on the first motion for a new trial in this habeas corpus action. See Petitioner's Final Brief, pp. 15, 17, 22.

The hearing on the first motion for new trial was held approximately one month after the jury verdict. Respondent does not contend that he was denied a full and fair opportunity to present evidence on the conflict of interest issue at that hearing.

Respondents assert, and petitioner does not deny, that witnesses are now unavailable, that memories on the facts petitioner wishes to present have faded in the nine years since petitioner's trial, and that records such as the files of attorney Franks have been destroyed. Therefore, petitioner has not demonstrated what an evidentiary hearing in this court would accomplish.[3]

Alternatively, petitioner's request for an evidentiary hearing must be denied because petitioner's allegations, if proven, would not establish his right to release. *Procunier v. Atchley*, 400 U.S. 446, 452, 91 S.Ct. 485, 489, 27 L.Ed.2d 524 (1971); *Speedy v. Wyrick*, 702 F.2d 723, 726 (8th Cir.1983).

### *Petitioner has failed to establish ineffective assistance of Attorney Franks*

 The Sixth Amendment guarantees a defendant in a criminal case the effective assistance of counsel. *McMann v. Richardson*, 397 U.S. 759, 771, 90 S.Ct. 1441, 1449, 25 L.Ed.2d 763 (1970). If defense counsel has a conflict of interest, a defendant may be deprived of effective assistance of counsel. *Cuyler v. Sullivan*, 446 U.S. 335, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980); *Glasser v. United States*, 315 U.S. 60, 62 S.Ct. 457, 459, 86 L.Ed. 680 (1942). However, representation by a single attorney of multiple defendants with conflicting interests is not *per se* a violation of the right to effective assistance of counsel. *Holloway v. Arkansas*, 435 U.S. 475, 482, 98 S.Ct. 1173, 1178, 55 L.Ed.2d 426 (1978).

To prevail on his claim of ineffective assistance of counsel due to conflict of interest, petitioner must establish that: 1) attorney Franks actively participated in petitioner's defense while representing Parcel; 2) an actual conflict existed between petitioner's position and Parcel's position; and 3) the conflict adversely affected attorney Franks' representation of petitioner. *Strickland v. Washington*, —— U.S. ——, 104 S.Ct. 2052, 2067, 80 L.Ed.2d 674 (1984); *Cuyler v. Sullivan*, 446 U.S. 335, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980).

This Court must defer to the factual findings made by state trial and appellate courts unless one of the seven conditions enumerated in 28 U.S.C. § 2254(d) exists or unless the factual determinations are not "fairly supported by the record." *Sumner v. Mata*, 449 U.S. 539, 550–52, 101 S.Ct. 764, 771, 66 L.Ed.2d 722 (1981); Here the Missouri Court of Appeals drew the following factual conclusions[4] from the same voluminous record before this Court:

> Defendant was arrested at the request of Missouri authorities in Iowa and re-

---

**3.** Respondents have filed a motion to supplement the record with the addition of numerous documents from the criminal trial of co-defendant, Ralph Parcel, and from a civil case brought by petitioner and Melanie Weeks against Richard Franks. Petitioner opposes the motion. On February 13, 1984, an Order was entered deferring ruling on respondents' motion until the parties had completed briefing the merits. Although respondents assert that the documents are relevant to the conflict of interest question, they have not shown why the record before this Court is incomplete. In fact, respondents have consistently opposed the need for an evidentiary hearing on the ground that the issues may be decided on the state court record in the criminal case. Therefore, respondents' motion to supplement the record is denied.

**4.** This Court is not required to defer to a state court's conclusion about whether there was a conflict of interest because this conclusion is a hybrid factual and legal question. *Parker v. Parratt*, 662 F.2d 479, 482–83 (8th Cir.1981), *cert. denied* 459 U.S. 846, 103 S.Ct. 102, 74 L.Ed.2d 91 (1982). However, state court findings about attorney Franks' role in petitioner's defense are solely factual determinations and, therefore, must be accorded deference by this Court.

sisted extradition proceedings to this state. He first employed an Iowa attorney and then engaged the services of Attorney Lawrence Johnson and Associates of Champaign, Illinois. Attorney Johnson represented defendant at the extradition hearing and then entered his appearance for defendant in Greene County, Missouri, at defendant's preliminary hearing.

Ralph Parcel had also been charged in the murder of Mrs. Cukerbaum and because of his indigency, Attorney Franks had been appointed to represent him. At a joint preliminary hearing for defendant and Parcel, Attorney Johnson represented defendant and Attorney Franks represented Parcel. Teitsworth's testimony incriminated both defendant and Parcel. During the course of the preliminary hearing, Attorney Franks, with defendant's knowledge and consent, was employed by Attorney Johnson to serve as local counsel. Franks' duties were to consist of performing such work as directed by Attorney Johnson, handle some of the investigation, prepare and present anticipated motions, and to personally attend defendant's trial.

Defendant and Parcel were bound over to the Circuit Court of Greene County, Missouri, and jointly charged in an information. Various pretrial motions were filed and presented on behalf of both defendants by Attorney Franks, Attorney Hays (associate of Attorney Johnson), and jointly by both Attorney Franks and Attorney Johnson. At defendant's request, his trial was scheduled for an early date. Parcel's motions for a severance and a continuance were granted. Defendant and Parcel were, in the meantime, incarcerated in the Greene County jail.

At defendant's six-day trial, Attorney Johnson, his associate Hays, and Attorney Franks were present. Attorney Johnson, a former Illinois prosecutor with extensive experience in defending criminal cases, was the lead counsel for defendant. He conducted the voir dire of the jury panel and made the opening statement for the defense. He cross-examined all of the state's witnesses and conducted the direct examination of defendant and all defense witnesses. He made the defense objections throughout the trial and presented the defense views and arguments to the court on matters of evidence and trial procedure, and argued the case to the jury.

*State v. Weeks*, 603 S.W.2d at 659.

The voluminous trial transcript makes it abundantly clear that Attorney Johnson was completely in charge of the defense of the case.

*Id.* at 660.

Petitioner has not established that any of the seven conditions enumerated in § 2254(d) exist or that these factual conclusions are not "fairly supported by the record." Therefore, petitioner failed to establish that Franks actively represented petitioner during his trial or actively participated in his defense. Petitioner's defense was controlled and conducted by petitioner's trial attorney, Johnson.

 Furthermore, even if Franks had a more active role in petitioner's defense than found by the Missouri Court of Appeals, there was no conflict between the positions taken by Parcel and petitioner at the time of petitioner's trial. Multiple representation by itself does not create a conflict of interest. *Cuyler*, 446 U.S. at 350, 100 S.Ct. at 1719. A conflict of interest arises only if two defendants are represented by the same attorney and one defendant attempts to blame the other in an attempt to exonerate himself. *Parker v. Parratt*, 662 F.2d 479, 484 (8th Cir.1981), *cert. denied* 459 U.S. 846, 103 S.Ct. 102, 74 L.Ed.2d 91 (1982). An actual conflict does not exist if neither defendant attempts to shift the blame to the other at trial, even though they have taken inconsistent positions at a prior evidentiary hearing. *Christian v. Housewright*, 721 F.2d 240, 243 n. 6 (8th Cir.1983).

 At the hearing on petitioner's first motion for a new trial which was held before Parcel was tried for the murder of

Lena Cukerbaum, Parcel testified that petitioner was not with him when Lena Cukerbaum was killed. Tr. 1535. Later, at his own trial, Parcel testified that petitioner committed the murder of Lena Cukerbaum. S.Tr. 485–90. At the hearing on petitioner's second motion for new trial which was held after Parcel was convicted for the murder of Lena Cukerbaum, Parcel testified that if he had testified at petitioner's trial, he would have said that petitioner was not present and did not murder Lena Cukerbaum. S.Tr. 453.

In order to demonstrate that an actual conflict existed between petitioner and Parcel, petitioner relies on Parcel's testimony at Parcel's trial incriminating petitioner. Petitioner ignores Parcel's testimony immediately after petitioner's trial and after Parcel's trial that is consistent with petitioner's defense to the murder charge. If Parcel's testimony at his trial is used to establish an actual conflict, petitioner cannot demonstrate any prejudice from failing to call Parcel as a witness at petitioner's trial because Parcel's testimony would have incriminated petitioner. On the other hand, if it is assumed that Parcel would have attempted to exonerate petitioner if called to testify at petitioner's trial, petitioner's basis for an actual conflict between his position and Parcel's disappears. *Parker*, 662 F.2d at 484.

Even if it is assumed that the co-defendants' positions conflicted on the question of petitioner's involvement, and even if it is assumed that attorney Franks actively represented conflicting interests, petitioner has failed to establish that his defense was adversely affected by not calling Parcel as a witness. (Naturally had Parcel been called as a witness, he would have had to waive the privilege against self-incrimination even though he was awaiting trial for the same murder.)[5] As the Missouri Court

of Appeals accurately observed, Parcel would have been a witness of dubious value.

His purported testimony would have been merely cumulative to that of defendant and his other alibi witnesses. His credibility as a witness for the defendant would have been seriously questioned by reason of his prior criminal record and the fact he was awaiting trial for the murder. His belated invocation of the Fifth Amendment would not have enhanced his credibility. And, in light of his subsequent recantation, one can only speculate what he might have done if called as a witness.

*State v. Weeks*, 603 S.W.2d at 661.

For these reasons, petitioner's claim of ineffective assistance of counsel due to attorney Franks' alleged conflict of interest must fail.

*The claim that attorney Johnson was ineffective for failing to call Parcel as a witness has not been exhausted and even if it were exhausted, petitioner would not be entitled to relief.*

Petitioner has also included in Claim I the assertion that the failure of petitioner's lead trial counsel, Lawrence Johnson, to interview Parcel or to call Parcel as a witness was *per se* ineffective assistance of counsel.[6] Petitioner's Final Brief, p. 20.

Petitioner relies on *Hindman v. Wyrick*, 702 F.2d 148 (8th Cir.1983), to support his argument that this claim has been exhausted. In *Hindman*, ineffective assistance of trial counsel was clearly raised in a Rule 27.26 motion. However, the motion did not refer to the specific act (the failure to call Dr. Griffin as a witness) which the petitioner raised in a subsequent federal habeas corpus proceeding. Nevertheless, at the

---

**5.** Petitioner acknowledges that if Parcel had testified at petitioner's trial that Parcel knew Weeks was not involved in the murder, "it would have been beneficial to petitioner but fatal to Parcel." Petitioner's Final Brief, p. 17.

**6.** Petitioner suggests that by not calling Parcel he was denied a right to "confront co-conspira-

tor Parcel." Petitioner offers no authority establishing a right to "confront" a person who has not offered evidence against him. A defendant's alleged right to "confront" favorable witnesses, a common assertion throughout petitioner's writing, is unknown.

Rule 27.26 evidentiary hearing, petitioner specifically asked trial counsel why he had not called Dr. Griffin as a witness at trial. The Court concluded that "it is clear that the competency of Hindman's trial counsel was fully litigated in the state courts, and that the specific instance of Dr. Griffin's testimony was brought out at the hearing." *Hindman*, 702 F.2d at 151.

Here, petitioner did not assert any claim based on ineffectiveness of attorney Johnson in his first motion for new trial. The second motion for new trial was presented to the trial court in petitioner's thirty-four page *pro se* motion for new trial; petitioner's thirty-nine page motion for directed verdict of acquittal or, in the alternative, for a new trial; and petitioner's one hundred nineteen page amended motion for directed verdict of acquittal or, in the alternative, for a new trial. The issue of ineffectiveness of attorney Johnson for failure to investigate Parcel or to call Parcel was raised in the amended motion for a new trial.[7] During the evidentiary hearing on petitioner's second motion for new trial, the trial court repeatedly ruled that ineffectiveness of counsel was an inappropriate basis for granting a new trial and that evidence

relevant only to that issue was not admissible. S.Tr. 526–27; S.Tr. 1057. However, the trial court accepted, without limitation, extensive offers of proof on the issue of effectiveness of counsel. The offers of proof fairly raised the question of whether attorney Johnson was ineffective for failing to investigate Parcel or to call Parcel as a witness. S.Tr. 953; S.Tr. 971–75; S.Tr. 1078–79; S.Tr. 1082; S.Tr. 1088.

■ Even though the issue may have been presented to the trial court in a post-trial motion, petitioner failed to exhaust available state procedures. In his appeal from the trial judge's denial of his second motion for a new trial, petitioner failed to raise either a) the ineffectiveness of attorney Johnson for his failure to investigate Parcel or to call Parcel as a witness;[8] or b) the ruling of the trial court that ineffective assistance of counsel was an inappropriate basis for granting a new trial.[9] In addition, petitioner did not raise the ineffective assistance of trial counsel issue in a subsequent Rule 27.26 post-conviction proceeding.

Because petitioner has not availed himself of available and adequate state proce-

---

7. Point 77 of defendant's amended motion for directed verdict of acquittal or in the alternative for a new trial, asserted that:

Defendant was denied due process and equal protection of the law with resultant manifest injustice, in that defense counsel was ineffective, by way of his actions and inactions, denying defendant a fair trial for the following reasons in violation of defendant's rights under Article I, Sections 10 and 18(a) Missouri Constitution 1945 and Amendments 5, 6 and 14 of the United States Constitution, in that, counsel; (the foregoing paragraph 77 applies to points 77 through 95. Infra).

77a. Refused and neglected to interview, investigate and compulsorily secure the presence of co-indictee, Ralph E. Parcel, the alleged co-conspirator of defendant, despite the fact that witnesses Pearson, Behrens, and Faulkner werw [sic] allowed to testify about evidence solely concerning Parcel and when said evidence incriminated defendant and the absence of Parcel's testimony denied defendant the right to face his accusors, notwithstanding the fact that defendant demanded the presence of Parcel.

S.Tr. 855–56.

8. The sole reference in petitioner's brief to the Missouri Court of Appeals on this issue is a single paragraph contained in the 100-page brief which states "[t]hat Franks was in charge of subpoenaing witnesses is borne out by Franks' own testimony. (Supp.Tr. 520, 517). Failing to subpoena a valuable witness amounts to ineffecitive [sic] assistance of counsel. *Garton v. Swenson*, 417 F.Supp. 697 (1976)." Exhibit D, p. 52. This paragraph is part of petitioner's argument that he received ineffective assistance of counsel because of attorney Franks' alleged conflict of interest. No reference is made to attorney Johnson.

9. Before the trial court denied petitioner's second motion for a new trial, petitioner filed a petition for writ of prohibition requesting the Missouri Court of Appeals to order the state trial judge to hear plaintiff's claims of ineffective assistance of counsel. Tr. 903–4. The petition for writ of prohibition was summarily denied. Tr. 905–6. Even assuming that a request for a writ of prohibition was an appropriate means of challenging the trial judge's ruling, direct appeal offered an adequate and available remedy for the judge's alleged errors.

dures, he has not afforded Missouri courts a fair opportunity to rule on the ineffective assistance of trial counsel claim. Instead, petitioner brings this claim to federal court lamenting the length of time that has passed without obtaining a hearing on his constitutional claims. Petitioner's claim is unexhausted because he has repeatedly refused to follow state procedures available for the presentation of those claims.[10]

However, even if this claim were exhausted, it does not justify habeas corpus relief. In *Strickland v. Washington,* the Supreme Court stated that there are two components to a claim that counsel's assistance was so defective as to require reversal of a conviction:

First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

*Strickland,* 104 S.Ct. at 2064.

In deciding an ineffective assistance of counsel claim, the Supreme Court suggested that it may be "easier" to analyze the prejudice component before determining whether counsel's performance was deficient.

The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been differ-

ent. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

In making the determination whether the specified errors resulted in the required prejudice, a court should presume, absent challenge to the judgment on grounds of evidentiary insufficiency, that the judge or jury acted according to law. *Id.* at 2068.

Here, petitioner alleges a deficiency in attorney performance which is "subject to a general requirement that the defendant affirmatively prove prejudice." *Id.* at 2067.

▆ Petitioner's contention that Parcel's testimony would have been favorable to him is sheer speculation because Parcel testified both favorably and unfavorably to petitioner. *See supra,* pp. 892–893. Had Parcel attempted to exonerate petitioner, he would have had to implicate himself to do so. Therefore, it is quite likely that if Parcel would have actually testified at petitioner's trial, he would have testified, as he did at his own trial, that Weeks planned the burglary, traveled from Iowa to Springfield, Missouri, to rob the store, and participated in the robbery and murder of Mrs. Cukerbaum. Tr. 484–87. Petitioner has failed to establish that there is a reasonable probability that: 1) his defense was harmed in any way by not calling Parcel as a witness; and 2) the result of the trial would have been different.

## CLAIM II

Petitioner asserts in his second claim that he was denied effective assistance of trial counsel because: 1) attorney Johnson failed to discover the existence of witness Pearson and failed to interview Pearson before the trial; and 2) he failed to object and "obtain the exclusion of" Pearson's

---

10. Petitioner's Claim I asserts that "[d]ue to ineffective assistance of counsel and conflict of interest, petitioner was denied his right to call and confront co-conspirator Parcel." This statement of Claim I does not clearly present the argument raised in petitioner's brief that petitioner was denied effective assistance of counsel because

attorney Johnson failed to investigate or call Parcel. The Court's prior ruling that Claim I was exhausted interpreted this claim as an assertion that petitioner was denied effective assistance because of a conflict of interest of attorney Franks, not because attorney Johnson failed to subpoena or investigate Parcel.

testimony. Also, petitioner argues that he was denied a fair trial and, therefore, due process as the result of all of the errors of his attorney relating to the testimony of witness Pearson.

*An evidentiary hearing is unnecessary*

 Petitioner has requested an evidentiary hearing on the factual issues raised by Claim II. An evidentiary hearing is unnecessary where the dispute can be resolved on the basis of the record. *Lindner v. Wyrick*, 644 F.2d 724, 729 (8th Cir. 1981), *cert. denied* 454 U.S. 872, 102 S.Ct. 345, 70 L.Ed.2d 178 (1981). Here, the record before this Court provides a sufficient factual basis for resolving the exhausted grounds included in this claim. Furthermore, an evidentiary hearing is unnecessary where petitioner's allegations, if true, would not provide relief. *Parton v. Wyrick*, 614 F.2d 154, 158 (8th Cir.1980), *cert. denied* 449 U.S. 846, 101 S.Ct. 131, 66 L.Ed.2d 56 (1980).

*Petitioner's assertion that attorney Johnson was ineffective for failing to investigate, to discover the existence of and to interview witness Pearson, has not been exhausted and even if it were exhausted petitioner would not be entitled to habeas relief.*

 Petitioner's assertions that he was denied effective assistance of counsel because attorney Johnson failed to investigate, to discover the existence of and to interview Pearson, are raised for the first time in this Court. This claim was not asserted in petitioner's first motion for new trial or in any of the documents comprising petitioner's second motion for new trial, i.e., petitioner's *pro se* motion for new trial; petitioner's motion for a directed verdict of acquittal or, in the alternative, for new trial; or petitioner's amended motion for directed verdict of acquittal or, in the alternative, for new trial. In addition, petitioner did not include this point in the offers of proof made at the evidentiary hearing on the second motion for new trial. No reference to this claim was made in petitioner's

appeal to the Missouri Court of Appeals. It was not included in a Rule 27.26 postconviction proceeding. Therefore, the state courts have never been given a fair opportunity to consider this claim.

 Even if this claim were exhausted, petitioner would not be entitled to habeas relief because he has failed to demonstrate counsel's conduct was deficient. The proper standard for determining whether counsel's performance was deficient is "whether counsel's assistance was reasonable considering all the circumstances." *Strickland*, 104 S.Ct. at 2065. In all prior proceedings, petitioner has taken the position that the prosecution deliberately withheld the identity and location of Pearson until he was called to the witness stand. The witness list given to defense counsel by the prosecution listed Pearson's address as Route 3, Washington, Iowa, although he was being held in custody in Iowa at the time the address was given to the defense. When he was transferred to the Greene County Jail, he was held under a false name. Under those circumstances, it is doubtful that the most zealous attorney could have located Pearson.

Therefore, petitioner was not denied effective assistance of counsel for any of the reasons asserted in Claim II.

*Petitioner was not denied effective assistance of counsel because his attorney failed to move to exclude the testimony of witness Pearson, failed to object to the introduction of Pearson's testimony, and failed to object to argument thereon by the prosecution.*

 Assuming for the purpose of this analysis that counsel should have moved to exclude the testimony of witness Pearson, objected to the introduction of Pearson's testimony, and objected to prosecution argument about Pearson's testimony, petitioner has failed to demonstrate that there is a reasonable probability that, but for counsel's failure to object, the result of the trial would have been different. The Constitution guarantees a fair trial and competent counsel, not a perfect trial and perfect attorney as measured by hindsight. *Strickland*, 104 S.Ct. at 2066. At the very

least, petitioner must demonstrate that the decisionmaker "reasonably, conscientiously and impartially applying the standards that govern the decision" would have sustained the objections. *Id.* at 2088.

■ "[Q]uestions concerning the admissibility of evidence are matters of state law and are not reviewable in a federal habeas corpus proceeding unless the asserted error infringed on a specific constitutional protection or was so prejudicial as to deny due process." *Wallace v. Lockhart*, 701 F.2d 719, 724 (8th Cir.1983), *cert. denied* — U.S. —, 104 S.Ct. 340, 78 L.Ed.2d 308 (1983). Here, each of the objections which petitioner asserts should have been made were presented to and rejected by the Missouri Court of Appeals. *State v. Weeks*, 603 S.W.2d at 663–64.[11] Therefore, even had petitioner's counsel made all the objections petitioner, with the benefit of hindsight, believes should have been made, the trial judge applying the appropriate rules would not have sustained the objections. Had the objections been made and had the trial judge overruled them, petitioner would not have been denied a specific constitutional protection, including his right to a fair trial.

## CLAIM III

In this claim, petitioner asserts the following grounds for habeas relief:

1) The prosecution's threats, harassment, and intimidation of defense witnesses deprived petitioner of due process and a fair trial; and

2) Counsel was ineffective for failing to protect petitioner's witnesses from threats, harassment, and intimidation.

*There is no need for an evidentiary hearing to resolve these grounds for habeas corpus relief.*

Petitioner's contention that his witnesses were harassed and intimidated has been the subject of several evidentiary hearings in state court. On March 21, 1975, petitioner filed a pretrial motion to dismiss or, in the alternative, for protective order for the alleged harassment and intimidation of defense witnesses. Tr. 25–27. Melanie Weeks' affidavit was filed with the motion. Tr. 27–30. On March 31, 1975, an evidentiary hearing was held at which Deputy Whitlow (Tr. 30–45) and Investigator Campbell (Tr. 46–58) testified. The Court denied petitioner's motion to dismiss, but entered a protective order prohibiting the state from intimidating, harassing or threatening to arrest defense witnesses and granting defense witnesses immunity from arrest "for any pretended cause" while traveling to and from petitioner's trial. Tr. 62, 65–66.

During the hearing on the first motion for a new trial, evidence was offered again on the allegation that defense witnesses had been harassed and intimidated. In addition, extensive evidence on this claim was presented at the hearing on the second motion for a new trial. Therefore, petitioner received full and fair evidentiary hearings in state court on these issues.

*Petitioner was not denied due process as the result of the prosecution's alleged threats, harassment, and intimidation of defense witnesses.*

■ In an attempt to make this case manageable, to narrow the issues and to

11. Petitioner suggests that counsel was ineffective for failing to make the following objections:

1) the prosecution's concealment of Pearson was a denial of due process pursuant to *Wardius v. Oregon*, 412 U.S. 470, 93 S.Ct. 2208, 37 L.Ed.2d 82 (1973);

2) Pearson's testimony included hearsay testimony inadmissible under the co-conspirator exception because an improper foundation was laid for the conspiracy;

3) Pearson's testimony was inadmissible as rebuttal because: a) it was substantive evidence which did not rebut evidence presented by the defense; b) it did not rebut an inference of guilt

raised by Dewitt's assertion of the Fifth Amendment; and c) the state failed to show necessity for the use of Pearson's testimony as rebuttal as required by *State v. Johnson*, 524 S.W.2d 97 (Mo.1975);

4) The prosecution's reference to Pearson's testimony in closing argument was improper;

The Court determined that Pearson's testimony was proper rebuttal, that the trial court properly allowed Pearson to testify despite defendant's allegation of inadequate disclosure, that it was not inadmissible hearsay, and that it was an appropriate subject for argument by the prosecution. *State v. Weeks*, 603 S.W.2d at 663–64.

obtain some certainty about the claims being raised, this Court ordered on June 13, 1983, that:

Petitioner will file on or before June 27, 1983, a list of all reasons ("claims") why he is entitled to relief in this proceeding. Petitioner should list all claims of which he has knowledge including Section A claims even if already stated in a pleading in this case. The claims will be the only claims which will be considered in this proceeding. Petitioner will not be permitted to raise additional claims at a later date absent a showing of good cause and a showing that any additional claim tendered could not have been known as of the date the Statement of Claims is filed.

The response filed by petitioner on July 8, 1983, did not assert a claim that the prosecution's threats, harassment, and intimidation of defense witnesses constituted a denial of due process.[12]

Despite the clear language in the June 13, 1983, Order, petitioner's only explanation for failing to include this claim is to contend that he was not required to comply with the Order.

This claim is correctly stated in Petitioner's Exhibit "A", p. 115, and this claim is precisely restated in petitioner's original habeas petition filed with this court. There has been no amendment filed with respect to this claim or any other; therefore, the claim remains unchanged. The claim properly states that petitioner, *inter alia*, was denied his due process rights with respect to this claim of intimidation of witnesses.

This court asked the petitioner to abbreviate his claims so that they would be more easily perused. Petitioner explicitly stated in his abbreviation of his claims that he would not be bound by said

claims if they failed to properly state the issues before this court. Again, petitioner did not in any way amend his original claims and only an amendment would change the nature of this claim.

Petitioner's Final Reply Brief, p. 16.

Petitioner has made no showing that good cause existed for his failure to include this claim in his response to the June 13, 1983, Order. Therefore, this claim is not properly presented and should be rejected.

■■■■ Even if this claim had been included in his response to the June 13, 1983, Order, petitioner would not be entitled to habeas corpus relief. After each of the three hearings before two different state court judges, the conclusion was the same—petitioner had failed to establish the alleged threats, harassment and intimidation. On appeal, the Missouri Court of Appeals deferred to the trial judges' conclusions.

Defendant next contends he is entitled to a new trial because his witnesses were threatened, harassed and intimidated before and during trial by officers of the State. A pretrial hearing was held by Judge Greene when the defendant sought a dismissal of the charge or, the alternative, for a protective order, based on these allegations. A second hearing was conducted in connection with defendant's first motion for new trial, and the matter was explored a third time before Judge Bacon at the second motion for new trial hearing. The burden of proving such allegations was on the defendant. The State's evidence refuted that of the defendant. Where there is a question of credibility, the trial court, sitting as the trier of fact, had the right to determine the conflicts in testimony. We defer to the ruling of the trial court.

---

12. Petitioner's Claim III asserts that

Petitioner was denied effective assistance of counsel and his right to confrontation, due process and a fair trial when counsel failed to properly object or otherwise protect petitioner from the threats, harassment and intimidation by the state which deprived petitioner of certain witnesses at trial (e.g. Rose, Snyder,

Berton Dewitt, Murial Cozad and Anson Weeks), and adversely affected the demeanor of all defense witnesses who testified.

This claim focuses on the acts of counsel which allegedly constituted ineffective assistance of counsel. It does not assert that he was deprived of a fair trial because of the alleged acts of intimidation.

*State v. Weeks,* 603 S.W.2d at 664 [citations omitted].

Similarly in this federal habeas proceeding, the state court's factual findings "shall be presumed to be correct" unless petitioner establishes one of the seven conditions specified in § 2254(d) exists or the state court finding is not "fairly supported by the record." Petitioner must establish "by convincing evidence" that the state court finding was erroneous. *Sumner v. Mata,* 449 U.S. at 550, 101 S.Ct. at 771.

Conflicting evidence was presented to the state trial judges. With the exception of a protective order prohibiting future acts of the type complained about, each judge refused to grant relief. Although no express findings of fact were made by the state trial judges, the failure to grant relief, coupled with no finding that harassment had occurred, supports the Missouri Court of Appeals' conclusion that the trial judges found no harassment. The state courts' factual conclusions are fairly supported by the record. Petitioner failed: 1) to establish any of the seven reasons for disregarding state findings; or 2) to establish "by convincing evidence" that the conclusion that no harassment occurred was erroneous. Therefore, the state factual findings are presumed correct.

Deferring to the state trial and appellate court's determination that petitioner's witnesses were not threatened, harassed or intimidated, there is no factual basis to support petitioner's denial of due process argument.

*Counsel was not ineffective for failing to protect defense witnesses from threats, harassment, and intimidation*

Petitioner argues that counsel was ineffective for failing to protect petitioner from the threats, harassment, and intimidation which the prosecution directed at his witnesses because:

1) counsel failed to subpoena for trial alibi witnesses who would not attend voluntarily because they had been intimidated by the prosecution;

2) counsel failed to neutralize the effect of the prosecutor's intimidation by bringing out through direct examination the acts of threats, harassment, and intimidation; and

3) counsel failed to object to continued harassment and intimidation.

Each of the grounds for relief in this claim relies on the assumption that witnesses were harassed and intimidated. As previously discussed, the state courts found that the witnesses were not harassed or intimidated. Petitioner does not suggest how his attorney can be faulted for failing to take action for which there was no factual basis. For instance, because no harassment or intimidation was established by petitioner in his state court hearings, petitioner could not have been prejudiced by counsel's failure to object or by counsel's failure to question witnesses about harassment. Furthermore, numerous alibi witnesses testified on petitioner's behalf:

1) Melanie Weeks, petitioner's wife;

2) Laura Harper, petitioner's sister-in-law;

3) Janet Bishop, petitioner's sister-in-law;

4) Mike Haskins, petitioner's friend;

5) Tommy Harper, petitioner's brother-in-law;

6) Richard Cozad, petitioner's father-in-law;

7) Darryl McIntyre, petitioner's friend;

8) Jim Ellis, petitioner's friend;

9) Teresa Cozad, petitioner's sister-in-law;

10) Jerry McCormick, employer of petitioner's wife.

In addition, petitioner was not prejudiced by the failure of Muriel Cozad or Rose Snyder to testify. Although Muriel Cozad, the petitioner's mother-in-law, testified at the hearing on petitioner's second motion for new trial that she saw the petitioner in her kitchen on November 30, 1983, her testimony was merely cumulative to other alibi witnesses who testified at trial. The deposition testimony of Rose Snyder stating that she saw the petitioner at 1:00 a.m. on Saturday morning was submitted at the

second motion for new trial. However, Darryl McIntyre testified that Rose Snyder did not testify at the trial because she was in the hospital, not because counsel failed to subpoena her. Tr. 1220.

Petitioner asserts that counsel was ineffective for failing to subpoena Anson Weeks because Anson Weeks was afraid to testify due to intimidation by the prosecution. Petitioner's Final Brief, p. 46. However, Anson Weeks was not interviewed by the deputies that allegedly intimidated the other witnesses. Tr. 1026–31. Anson Weeks stated that he did not attend petitioner's trial because the prosecution's key witness, Jimmy Teitsworth, identified him as Earl Weeks at petitioner's preliminary hearing. *Id.* Apparently Anson Weeks did not testify in petitioner's trial because he was afraid that he would be prosecuted for the murder, not because he was intimidated by the prosecution.

Petitioner also asserts that counsel was ineffective for failing to subpoena Anson Weeks because his presence at the trial "would have brought home the dissimilarities between petitioner and his brother to the jury and helped undermine the credibility of Teitsworth." Petitioner's Final Brief, p. 46. This appears to be an entirely separate ground unrelated to intimidation which is the general subject of Claim III. Therefore, the attempt to insert it into this case at this time violates the June 13, 1983, Order. *See supra*, p. 898.

■ Furthermore, a federal habeas petitioner must provide the state courts with a fair opportunity to apply controlling legal principles to the facts bearing upon his constitutional claim. *Anderson v. Harless*, 459 U.S. 4, 103 S.Ct. 276, 277, 74 L.Ed.2d 3 (1982). Petitioner must have fairly presented the substance of his federal claim to the state court. *Picard*, 404 U.S. at 275–78, 92 S.Ct. at 512–14. Petitioner's third Point Relied On as set forth in his brief to the Missouri Court of Appeals provides:

THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION FOR NEW TRIAL FOR THE REASON THAT THE STATE, THROUGH THE GREENE COUNTY SHERIFF'S OFFICERS, PROSECUTING ATTORNEY, KELLY, AND ASSISTANT PROSECUTING ATTORNEY, THEODORE JOHNSON, HAD THREATENED, HARASSED AND INTIMIDATED APPELLANT'S WITNESSES BY CONTACTING SAID WITNESSES AND ADVISING THEM OF THEIR CONSTITUTIONAL RIGHTS, OF SELF-INCRIMINATION, AND OF THE PENALTY FOR PERJURY, ADVISING ROSE SNYDER THAT SHE WOULDN'T WANT TO LOSE HER THREE CHILDREN IF SHE TESTIFIED, CAUSING ROSE SNYDER, BURTON DEWITT, MURIEL COZAD, AND ANSON WEEKS, NOT TO TESTIFY AT TRIAL AND CAUSING ALL DEFENSE WITNESSES, WHO TESTIFIED, TO BE APPREHENSIVE ABOUT TESTIFYING AND THUS AFFECTING THEIR DEMEANOR ON THE WITNESS STAND, MAKING THEM LESS BELIEVABLE [sic] AND UNABLE TO COMPLETELY RELATE THEIR TESTIMONY TO THE JURY, WITHOUT PROPER OBJECTION BY DEFENSE COUNSEL, ALL DENYING APPELLANT EFFECTIVE ASSISTANCE OF COUNSEL, CONFRONTATION, A FAIR TRIAL AND DUE PROCESS, IN VIOLATION OF APPELLANT'S RIGHTS AS DESCRIBED BY ARTICLE I, SECTIONS 10 AND 18(a), MISSOURI CONSTITUTION (1945) AND AMENDMENTS V, VI, AND XIV OF THE UNITED STATES CONSTITUTION.

This Point Relied On presents numerous issues related to the alleged intimidation of defense witnesses. Petitioner's written argument in support of this Point Relied On covers eighteen pages. Reference is made to the failure of Anson Weeks to testify because of intimidation and threats by the state. Furthermore, buried on page seventy-two of petitioner's one hundred page brief in the middle of the intimidation argument is the statement that "Moreover, trial counsels [sic] were ineffective for failing to

endorse or subpoena [Anson Weeks]. *Garton v. Swenson,* 417 F.Supp. 697 (1976). However, said failure to subpoena A. Weeks could have been precipitated by A. Weeks' fear of arrest. (Supp.Tr. 1092, 931–33, 934–42)." A one-sentence reference to an entirely distinct claim in the midst of the discussion of another claim does not fairly present the substance of a federal claim to a state court. This conclusion is particularly justified when petitioner was represented by counsel.

Furthermore, petitioner approached the Missouri Court of Appeals in the same way he has this court. Lengthy, unorganized, repetitious briefs do not focus attention on petitioner's arguments. The state courts and this Court have been forced to spend valuable time trying to figure out what petitioner is arguing. This Court had limited success in attempting to prevail upon petitioner to simplify, clarify and focus his attacks so as to accelerate consideration of his case. *See supra,* pp. 897–898. Under these circumstances, if exhaustion occurs because of a single sentence in petitioner's appellate brief, petitioner would unfairly benefit from his failure to present his claims clearly and succinctly. Future litigants would be encouraged to file lengthy, poorly organized briefs in state court. This style of presentation of the issues interferes with efficient and fair judicial review. Therefore, petitioner's claim that attorney Johnson was ineffective because he failed to subpoena Anson Weeks is not exhausted.

The last witness petitioner claims did not testify because of harassment, Burton DeWitt, was called as a witness by petitioner. DeWitt refused to testify by asserting his Fifth Amendment privilege against self-incrimination, not because of any failure of petitioner's counsel.

Finally, petitioner asserts that he was prejudiced because the demeanor of the witnesses who testified was affected by the prosecution's intimidation. Again, deference to the state court determination that petitioner's witnesses were not intimidated suggests that demeanor problems, if any, were caused by other reasons.

Petitioner has failed to show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 104 S.Ct. at 2068.

### CLAIM IV

Petitioner raises the following grounds for habeas corpus relief:

1) Counsel was ineffective for failing to properly investigate, and discover the existence of State's Exhibits 19, 19(a), 19(b), and 19(c) which are photographs taken of the area around the store where the murder occurred (Tr. 1035–40);

2) Counsel was ineffective for failing to discover, or interview the six witnesses who testified about the footprints in the area around the store;

3) Petitioner was denied due process and a fair trial because this footprint evidence was admitted; and

4) Counsel was ineffective for failing to object to the exhibits or testimony pertaining to the footprints.

### *Evidentiary Hearing*

Disposition of petitioner's habeas petition without a hearing is proper where the dispute can be resolved on the basis of the record. *Lindner v. Wyrick,* 644 F.2d at 729. Counsel asserts that a hearing is necessary to determine whether counsel's failure to object was a trial tactic or ineffectiveness. As discussed below, the reason counsel failed to object is irrelevant because petitioner could not be prejudiced by counsel's failure to object to admissible evidence.

### *Grounds 1 and 2 have not been exhausted.*

The first two grounds asserted by petitioner were not raised in petitioner's direct appeal to the Missouri Court of Appeals and they were not asserted in a Rule 27.26 post-conviction proceeding. Therefore, these two grounds have not been ex-

hausted.[13] Even if these claims were exhausted, State's Exhibits 19, 19(a), 19(b), and 19(c), photographs of the area around the store where the murder took place, were not taken until April 3, 1975, the day they were introduced at petitioner's trial. Tr. 1032. Petitioner has not demonstrated that counsel was deficient for failing to investigate or discover the photographs under these circumstances. Furthermore, even if it is assumed that counsel's performance was deficient, petitioner has not demonstrated that the result would have been different because the evidence was admissible. As to the six witnesses who testified about footprints in the snow, even if it is assumed that counsel was deficient for failing to discover or investigate those witnesses, petitioner has failed to suggest what information would have been disclosed which would have affected their testimony. Also, petitioner has failed to demonstrate that the result of the trial would have been different had counsel done what petitioner now urges. As discussed below, the evidence was clearly admissible.

*Petitioner was not denied due process and a fair trial because certain footprint evidence was. admitted in evidence.*

 Petitioner asserts that the admission of the footprint evidence infringed on his right to due process and was so prejudicial as to deny due process and a fair trial because 1) there was a great volume of footprint evidence; 2) the evidence was not relevant because it was never linked to the crime or to petitioner; and 3) the evidence was ineptly obtained in that detailed measurements of the footprints were not taken,

a plaster cast of the footprints was not taken; and the footprints were not followed from the scene of the crime to the Kindred home.

"[Q]uestions concerning the admissibility of evidence are matters of state law and are not reviewable in a federal habeas corpus proceeding unless the asserted error infringed on a specific constitutional protection or was so prejudicial as to deny due process." *Wallace,* 701 F.2d at 724.

The Missouri Court of Appeals concluded, and this Court agrees, that the testimony about the footprints and the photographs of the footprints were relevant because the testimony and photographs corroborated Teitsworth's testimony.

[T]he complained of evidence was admissible because it tended to corroborate the testimony of Teitsworth that he let defendant and Parcel out of the car near the Cukerbaum store and picked them up at the Kindred residence. The tracks and footprints in the newly fallen snow indicated that two people had traversed a route from the store to near the Kindred home.

*State v. Weeks,* 603 S.W.2d at 665. Although there was a good deal of testimony about the footprints, petitioner has failed to demonstrate how the amount of relevant evidence deprived him of a fair trial.

*Petitioner was not prejudiced by counsel's failure to object to the footprint evidence because it was admissible.*

Plaintiff asserts that attorney Johnson was ineffective because he objected to the testimony by the six witnesses too late and because he failed to object to the footprint evidence on the basis that the evidence was

---

13. Petitioner's Claim IV asserts that:

Petitioner was denied effective assistance of counsel, due process and a fair trial in that counsel failed to properly investigate and thus failed to discover the existence of State's Exhibits 19, 19(a), 19(b) and 19(c), and failed to investigate, discover or interview six witnesses who testified concerning footprints in the snow which were never linked to the crime or the petitioner; failed to move to obtain the exclusion of this testimony and these exhibits; failed to properly object to the introduction of

this testimony and these exhibits and to argument thereon by prosecution.

In an Order dated October 31, 1983, this Court stated that Claim IV had been exhausted. An in-depth review of state court records reveals that this finding was erroneous as to grounds one and two. Petitioner did not raise any claim in state court asserting that counsel was ineffective for failing to investigate or discover State's Exhibits 19, 19(a), 19(b), 19(c), or the six witnesses who testified about footprints in the snow.

not linked to the crime and did not corroborate Teitsworth's testimony.

■ Contrary to petitioner's assertions, attorney Johnson objected to State's Exhibits 19(c) and 19(d) on the ground that they were not linked to the crime and the objections were overruled. Tr. 1053; Tr. 1054. In addition, counsel objected to State's Exhibits 19 and 19(a) on the ground that they were posed photographs and the objections were overruled. Tr. 1038. Deferring to the state court's determination that the evidence was admissible (with which this Court agrees), petitioner has failed to demonstrate how his attorney's failure to timely object to admissible evidence has prejudiced him. Each of the objections asserted at trial were properly overruled and any other objection now asserted by petitioner would have been properly overruled. "This allegation of error is just another example of hindsight by defendant of the trial tactics and strategy of defendant's experienced trial attorney." *State v. Weeks*, 603 S.W.2d at 665.

### CLAIM V

Petitioner incorporates the argument made in his motion for summary judgment that he was "convicted upon insufficient evidence due to a denial of his right to effective assistance of counsel, due process, and equal protection." Petitioner's Final Brief, p. 60. Petitioner concedes that an evidentiary hearing is not necessary in this claim.

In petitioner's motion for summary judgment he argues that there is insufficient evidence to support the jury verdict because:

Petitioner was denied effective assistance of counsel on appeal contrary to the sixth and fourteenth amendments to the Constitution of the United States for the reason that appellant counsel failed to fully and properly brief and present to the appellant [sic] court petitioner's claim of insufficiency of evidence.

Petitioner was denied his right to equal protection and due process under the law in violation of the fourteenth amendment to the Constitution of the United States in that he was not permitted by the Missouri Court of Appeals to file a brief of sufficient length so as to fully and properly brief and apprise the Court of his claim of insufficiency of evidence.

Petitioner was denied his right to equal protection and due process of law in violation of the fourteenth amendment of the Constitution of the United States in that the Missouri Court of Appeals applied an improper standard of review to the sufficiency of the evidence used to convict petitioner.

Petitioner was deprived of due process of law and of a fair trial in violation of the fourteenth amendment to the Constitution of the United States in that the record of petitioner's trial demonstrates a nearly total absence of credible evidence which renders his conviction fundamentally unfair.

Motion for Summary Judgment, pp. 1–2.

*Grounds 1 and 2 asserted in petitioner's motion for summary judgment are not exhausted.*

■ For the reasons discussed in this Court's Order dated October 31, 1983, petitioner's arguments that he was denied effective assistance of counsel on direct appeal and that his constitutional rights were violated because his appellate brief was limited to one hundred pages have not been exhausted.

*Petitioner is not entitled to habeas relief on the basis that he was convicted upon insufficient evidence.*

■ Petitioner's claim that he was convicted upon insufficient evidence becomes a constitutional claim only if "the evidence in support of his state conviction cannot be fairly characterized as sufficient to have led a rational trier of fact to find guilt beyond a reasonable doubt...." *Jackson v. Virginia*, 443 U.S. 307, 321, 99 S.Ct. 2781, 2790, 61 L.Ed.2d 560 (1979). In determining whether "*any* rational trier of fact could have found the essential ele-

ments of the crime beyond a reasonable doubt the evidence must be viewed in the light most favorable to the prosecution." *Id.* at 319, 99 S.Ct. at 2789 [emphasis in original].

> Once a defendant has been found guilty of the crime charged, the factfinder's role as weigher of the evidence is preserved through a legal conclusion that upon judicial review *all of the evidence* is to be considered in the light most favorable to the prosecution. The criterion thus impinges upon "jury" discretion only to the extent necessary to guarantee the fundamental protection of due process of law [footnotes omitted] [emphasis in original].

*Id.* at 326, 99 S.Ct. at 2793.

> [A] federal habeas corpus court faced with a record of historical facts that supports conflicting inferences must presume—even if it does not affirmatively appear in the record—that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution.

*Id.*

A state appellate court's rejection of "a challenge to evidentiary sufficiency is of course entitled to deference by the federal courts...." *Id.* at 323, 99 S.Ct. at 2791. However, this Court must still determine whether the conviction was "without error in the constitutional sense." *Id.*

On two separate occasions the Missouri Court of Appeals found that the evidence was sufficient to support the verdict of the jury.[14] Considering all of the evidence in the light most favorable to the prosecution, a rational jury could reasonably have found the essential elements of the crime beyond a reasonable doubt. Therefore, petitioner is not entitled to habeas relief on his insufficiency of the evidence claim.

**14.** "[W]e conclude the defendant had a fair trial and that his guilt was established by overwhelming evidence." *State v. Weeks,* 546 S.W.2d at 570. "[W]e adopt the statement of

## ORDER

Therefore, it is hereby ORDERED that:

1) the unexhausted grounds referred to in this opinion are dismissed without prejudice;

2) the exhausted grounds are ruled in favor of respondents and against petitioner; and

3) petitioner's petition for habeas corpus relief is denied.

facts as reported in *State v. Weeks,* supra, and hold the evidence was sufficient." *State v. Weeks,* 603 S.W.2d at 659.